F. H. E. OIL COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 92960. Promulgated January 19, 1940.

Harry C. Weeks, Esq., for the petitioner.

James H. Yeatman, Esq., and M. L. R. Wade, Esq., for the respondent.

## OPINION.

BLACK: *Issue 1.*—We think this issue must be decided for petitioner in so far as the $10,184.04, received by petitioner during the taxable year from the Anderson lease oil payment is concerned. In consideration of petitioner's drilling an oil well for the owners of the Anderson lease under a turnkey contract, petitioner was to receive $15,500 out of a certain percentage of the oil to be produced from the lease. No assignment or other conveyance was made to petitioner of the fractional oil interests out of which petitioner was to receive its $15,500. This oil payment contract appears to be in all respects the same as were the Sonbar Corporation and Bussa Co. oil payments in *Cook Drilling Co.*, 38 B. T. A. 291. We held in that case as to those two oil payments, as follows:

With respect to petitioner's income from oil payments under its drilling contracts with the Sonbar Corporation and the Bussa Co., respectively, such contention can not be sustained. The statutory allowance for depletion is predicated upon the receipt of gross income from the operation of oil and gas wells by one who has a capital investment in the oil and gas in place and may not be allowed

to one who has no such capital investment but only an income derived from production, through a contractual relation or personal covenant with the owner of the mineral deposit. *Helvering* v. *Bankline Oil Co.*, 303 U. S. 362; *Helvering* v. *O'Donnell*, 303 U. S. 370; *Helvering* v. *Elbe Oil Land Development Co.*, 303 U. S. 372.

If in the instant case we had the question before us as to whether petitioner was entitled to a deduction for depletion on the $10,184.04 payment received on the Anderson lease oil payment, we would have to answer in the negative on authority of the *Cook Drilling Co.* case, *supra*.

As to this Anderson oil payment, petitioner did not acquire a capital asset and had no capital investment therein. What petitioner did do was to expend $8,670.98 in drilling the well for others on the Anderson lease in the course of its business as oil well driller, and it is entitled to have these expenses deducted as ordinary and necessary business expenses and should return as a part of its gross income all receipts during the taxable year from the Anderson oil payment. Cf. *Edwards Drilling Co.*, 35 B. T. A. 341; affd., 95 Fed. (2d) 719. As shown in our findings of fact, petitioner received during the taxable year $10,-184.04 from the Anderson oil payment. By including this $10,184.04 in petitioner's gross income and allowing as a deduction from gross income $8,670.98 expended in drilling the well, as ordinary and necessary business expenses, the same result is reached as petitioner reached in its income tax return in the treatment of this particular item. However, we wish to make it clear that the result is not to be reached by treating the Anderson oil payment as a capital asset, but is reached by including in gross income the receipts in the taxable year from the oil payment and the allowance of proper deductions for ordinary and necessary business expenses.

The situation is different as to the $11,879.83 which petitioner received on the Fox lease oil payments. As to these oil payments petitioner received a clear assignment of one-half of seven-eighths of the first oil, gas, and casinghead gas produced, saved, and marketed from the well to be so drilled by petitioner. Petitioner thereby became the owner of an economic interest in the oil to be produced and was entitled to recover its cost not by way of deduction of the expenses of drilling, but by way of depletion, and if depletion exceeds cost, nevertheless taxpayer is entitled to the depletion deductions. Cf. *Thomas* v. *Perkins*, 301 U. S. 655. These oil payments from the Fox lease were in all essential respects the same as we had before us in *Willis R. Dearing*, 36 B. T. A. 843; affd., 102 Fed. (2d) 91.

The court (C. C. A., 5th Cir.), in affirming our decision in the *Dearing* case, laid down the rule which it seems to us governs in these cases, where the owner of an oil payment has either reserved an interest in oil to be produced from a lease which he owns or has acquired

an interest in oil in place by a valid assignment from the owner of a lease. The court said:

The partnership thereby acquired a property which was salable and we have no doubt that should it sell that property it could deduct the cost of it in ascertaining gain, as the taxpayer wishes to do. But the production of oil under the contract is not a sale of the partnership's interest in the oil in place, but is an enjoyment of that interest. Its interest in the oil reserve is not thereby sold, but only depleted. Neither of them can deduct cost in dealing with the income so received, but each may reduce his income 27½% on account of the depletion of his capital investment. [Citing cases.]

We should state here that not only is a taxpayer in such a case entitled, as the court says, to percentage depletion of 27½ percent, but if depletion based on cost will yield a larger deduction to the taxpayer than percentage depletion, then petitioner is entitled to that instead of percentage depletion.

It seems perfectly clear that in the instant case depletion based on cost will give petitioner a larger deduction than percentage depletion. Percentage depletion on $65,500 to be received under the Fox oil payments would only yield $17,912.50, whereas petitioner's cost of these payments was $28,426.11.

Petitioner is of course entitled to have its entire cost returned to it by way of depletion, and if production should cease before petitioner finally recovers its entire cost, then, in the year when it becomes certain that it will not recover its entire cost by way of depletion, petitioner will be entitled to take a loss of the remainder of its investment. Cf. *Columbia Oil & Gas Co.*, 41 B. T. A. 38.

Apparently depletion based on cost in the taxable year will yield petitioner substantially the same deduction as respondent has given petitioner under the heading "Cost of payment applicable to year." He has determined $5,002.81 to be the "Cost of payment applicable to year" of the Fox oil lease payments and has excluded that amount from petitioner's gross income. But whether depletion based on cost yields petitioner a deduction of $5,002.81 or some other figure, whatever figure is correct should be used in allowing petitioner depletion on the $11,879.83 oil payments received from the Fox leases during the taxable year.

*Issue 2.*—The respondent must be sustained as to this issue under authority of the Supreme Court's recent decisions in *Helvering* v. *Wilshire Oil Co.*, 308 U. S. 90, and *F. H. E. Oil Co.* v. *Helvering*, 308 U. S. 104. There was no issue as to the facts on this issue, therefore, we made no finding of fact upon it. This issue does not concern the income from the oil payments which we have just been discussing, but concerns depletion deductions from income which petitioner received during the taxable year from other oil properties.

*Decision will be entered under Rule 50.*