*Decision will be entered under Rule 50.*

Louisiana Iron & Supply Company, Inc., Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 97107. Promulgated August 13, 1941.

*Robert A. Littleton, Esq.*, for the petitioner.
*James L. Backstrom, Esq.*, for the respondent.

OPINION.

MURDOCK: The owner of an oil payment has a depletable interest in the oil. *T. W. Lee*, 42 B. T. A. 1217. The respondent does not argue to the contrary. He confuses the receipts from the oil payments with collections on debts which he says were previously charged off. He is in error in stating that these receipts represent collections on bad debts and that the oil payments lost their bases by reason of deductions taken in prior years for bad debts. The partnership took the assignments of the oil payments in discharge of amounts due it for material furnished. The partnership later deducted the cost of the oil payments as losses, not as bad debts. Thenceforth, the oil payments had no cost basis in the hands of the partnership. The oil payments were transferred to the petitioner corporation in exchange for its stock and took the same basis in the hands of the petitioner as they had had in the hands of the partnership. See sec. 112 (b) (5) and sec. 113 (a) (8), Revenue Act of 1934. Thus, the oil payments had no cost basis in the hands of the petitioner. But the petitioner had never taken a deduction in relation to the payments and was merely obliged to report as gross income any receipts which it had thereafter as owner of those oil payments. It has done that and, indeed, it could have done no more. The Board is not confronted with the question of whether some adjustment should be made because these oil payments were once charged off by a previous owner. The only question before the Board is the right of the petitioner to percentage depletion under section 114 (b) (3). See, also, sec. 23 (m).

The substance of the argument of the respondent is that percentage depletion may not be taken on property which has no basis for gain or loss and for cost depletion in the hands of the taxpayer. He says that the whole purpose of the depletion deductions is to return the cost of the property tax free to the owner and when cost has been returned by any method, no further deductions for depletion are proper. Percentage depletion, however, as provided under section 114 (b) (3), is not based upon cost. It is an arbitrary allowance fixed at "27½ percentum of the gross income from the property during the taxable year." The words of the statute and the legislative history do not justify the contention of the respondent that percentage depletion is no longer allowable after the cost of the property has been recovered tax free. He has cited no case in point. His rulings are to the contrary. I. T. 2327, C. B. VI–1, p. 18 G. C. M. 14448, C. B. XIV–1, pp. 98, 100. It is possible, and not unusual, for a taxpayer to recover tax free, through percentage depletion, an amount greater than the cost of the property. *Commissioner* v. *Elliott Petroleum Corporation*, 82 Fed. (2d) 193. Cf. *Thomas* v. *Perkins*, 301 U. S. 655; *F. H. E. Oil Co.*, 41 B. T. A. 130, 134; *Cook Drilling Co.*, 38 B. T. A. 291. It follows that a taxpayer may recover a larger amount tax free through depletion than he could through a sale or other disposition of the property. The statute ignores all such inequalities and allows the deduction regardless of whether or not cost has been recovered. Cf. *Second Carey Trust*, 41 B. T. A. 800, 807, 808, where no cost was proven. This petitioner had gross income from these properties during the taxable year and had a depletable interest in them. Therefore, it is entitled to the deduction of percentage depletion provided under section 114 (b) (3).

*Decision will be entered under Rule 50.*