C. E. WENTZ, SOLE SURVIVING TRUSTEE OF " McCASKEY & WENTZ, TRUSTEES OF OKLAHOMA OIL PROPERTY," PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 35312.   Promulgated August 18, 1932.

*George S. Ramsey, Esq., Charles P. Swindler, Esq.,* and *Villard Martin, Esq.,* for the petitioner.

*Prew Savoy, Esq.,* for the respondent.

OPINION.

ARUNDELL: Section 202(b) of the Revenue Act of 1924 provides, in part, that in computing the amount of gain realized or loss sustained from the sale of property "proper adjustment shall be made for * * * depletion, previously allowed with respect to such property."

The parties are in agreement that allowances made on discovery value play no part in the computation. Their disagreement has to do with the amount previously allowed on cost. The petitioner contends that because in the audit of his returns for 1917 to 1924, inclusive, the respondent designated sums aggregating $252,175.02 as allowed on cost, he should be held to that figure in adjusting the cost basis for computing profit made on the sale, even though such allowances, so far as they applied to the assets acquired on April 14, 1917, were computed on an erroneous basis. The respondent, on the other hand, insists that he is entitled to reduce the basis by $1,077,797.67 for allowances previously made on cost. Which of the two figures is correct, is the only point in controversy under the issue.

The Revenue Act of 1917 contained no provision for the allowance of depletion on the basis of discovery value.

The amount of $7,703.32 allowed on cost is retained in the recomputation of the respondent, even though the amount of depletion sustained on cost was $291,552.72. For this reason there can be no difference of opinion as to the proper adjustment to be made for depletion allowed for 1917.

In auditing the returns for 1917 to 1924, inclusive, the respondent allowed $7,131,016.55 for depletion. Of this amount he designated $252,175.02, the amount contended for by petitioner, as "allowed on cost" and the remainder as "allowed on discovery appreciation." This figure, except in so far as it applies to 1923 and 1924, when the correct bases were used, was computed on the basis of the cost to the Southwestern Oil Company of the property acquired on April 14, 1917, instead of fair market value at the time of acquisition by the trust. In 1927, when the respondent determined the deficiency, he increased the amount previously allowed on cost from $252,175.02 to

$1,532,102.31 to compensate for his error in using cost to the assignor instead of fair market value on April 14, 1917, as the basis for the leases acquired from the Southwestern Oil Company. He now concedes this to be wrong and proposes to use the sum of $1,077,797.67 as a reduction of the base, in accordance with a recomputation made in February, 1932. A few examples will be sufficient to illustrate the method he employed in arriving at the amount. In 1918 the respondent allowed $56,411.45 as depletion on the West Simmons lease, $258.23 being designated as allowed on cost and the remainder on discovery appreciation. Although the sum of $68,802.89 was allowable on cost, in his recomputation he limited the figure to the amount of $56,411.45, the sum actually allowed in his audit of the 1918 return. For the same year he allowed depletion amounting to $323,377.02 on the J. Welsh lease. Of this sum $449.64 was designated as allowed on cost. The depletion sustained on the proper basis (fair market value on April 14, 1917) was $75,464.81; hence he uses this figure as the depletion previously allowed on cost. In that year the West Herman lease had no discovery value and sustained depletion of $11,987.67 based on its fair market value at April 14, 1917. Having allowed but $336.25 for depletion on cost, the respondent did not increase the sum. The same rules were followed for all of the leases in all years in which the incorrect cost basis was used for the assets acquired from the Southwestern Oil Company.

The petitioner has presented an elaborate brief in which he reasons that the respondent must be held to what at the time the latter designated as depletion on cost. We quite agree that the statute limits depletion to be considered in computing gain or loss to what was actually *allowed*. But if the taxpayer gets a deduction for depletion *in fact*—and that is what he got here—the amount of the depletion *in fact allowed* must be taken into consideration in determining the gain or loss, regardless of respondent's designaion of what he did. Beginning with the Revenue Act of 1918, the law permitted depletion to be taken, in specified circumstances, on the basis of the value of the property at the time of discovery or within thirty days thereafter, instead of on cost. It was only when discovery value was greater than cost that it formed a basis for depletion and consequently in allowing depletion on discovery value the taxpayer received a deduction which was not only ample to restore his capital, but something additional. The statute did not provide for two kinds of depletion in the same circumstances, but the one—discovery value—took the place of the other. It is only when property is disposed of as in the instant case that it becomes necessary to "break down" the computation as made by the respondent. As the petitioner in this case is not being charged with a single dollar of depletion that in fact was not allowed to him in the several years during which he operated the

property, we are of the opinion he has no just complaint against the respondent's action.

Under this method of computing the depletion previously allowed on cost the respondent gets no advantage of errors made due to the use of an improper basis, but in the final analysis is merely making corrections for improper designations without in any instance actually increasing the sum allowed on cost. In those cases where the present amount exceeds the sum designated as allowed on cost, the increased sum was, in fact, allowed, it having been included in the allowance made on discovery appreciation, as the parties have stipulated.

We think the respondent's recomputation reflects the amount previously allowed for depletion, and hold the proper adjustment under section 202(b) of the governing statute for depletion to be $1,077,797.67, as proposed by the respondent.

Under the remaining issue we are asked to increase the cost basis by $2,157,430.09, less an amount for exhaustion and depletion, and the cost of any dry holes and producing wells on leases abandoned, which were charged off in the year drilled, for certain items claimed by the petitioner and allowed by the respondent in and prior to 1924 as development expenses under the option granted by T. D. 2447, article 223 of Regulations 45 and 62, and article 225 of Regulations 65. The same question, on facts not materially different from those here, was before us in *W. R. Ramsey*, 26 B. T. A. 277. We there reached the conclusion that the regulations were not only reasonable and valid, but that the petitioner was estopped from denying the correctness of his election. The question here is governed by the conclusion reached in that case. Accordingly, it is decided in favor of the respondent.

There should be deducted from the gain realized on the sale the sum of $100,794.14, as a net loss from business operations, in accordance with paragraph 20 of the stipulations.

*Decision will be entered under Rule 50.*