## F. H. E. OIL CO. *v.* HELVERING, COMMISSIONER OF INTERNAL REVENUE.

No. 26.   Argued October 9, 10, 1939.—Decided November 6, 1939.

*Mr. Harry C. Weeks* for petitioner.

*Mr. Arnold Raum,* with whom *Solicitor General Jackson, Assistant Attorney General Clark,* and *Messrs. Sewall Key and Ellis N. Slack* were on the brief, for respondent.

MR. JUSTICE DOUGLAS delivered the opinion of the Court.

This case presents the same issue as is involved in *Helvering* v. *Wilshire Oil Co., ante,* p. 90, except that it arises under the Revenue Act of 1932 (47 Stat. 169). In computing its taxable net income under that Act, petitioner deducted certain development expenditures as it had done since its organization in 1925. But it refused to take these same deductions in computing net income for the purpose of applying the 50 per cent limitation on the depletion allowance, as provided in §,114 (b) (3) of the

1932 Act.[1]  That section, so far as material here, was the same as § 114 (b) (3) of the 1928 Act (45 Stat. 791). And Treasury Regulations 77, Art. 221 (h) promulgated under the 1932 Act[2] defined "net income . . . from the property" as used in §·114 (b) (3) so as to require "development costs" of the kind here involved to be deducted from "gross income from the property."[3]  The Board of Tax Appeals held that petitioner need not deduct these

[1] That section provided:

"In the case of oil and gas wells the allowance for depletion shall be 27½ per centum of the gross income from the property during the taxable year, excluding from such gross income an amount equal to any rents or royalties paid or incurred by the taxpayer in respect of the property.  Such allowance shall not exceed 50 per centum of the net income of the taxpayer (computed without allowance for depletion) from the property, except that in no case shall the depletion allowance be less than it would be if computed without reference to this paragraph."

[2] Section 23 (l) of the Revenue Act of 1932 provided:

"In computing net income there shall be allowed as deductions:

"(l) Depletion.—In the case of mines, oil and gas wells, other natural deposits, and timber, a reasonable allowance for depletion and for depreciation of improvements, according to the peculiar conditions in each case; such reasonable allowance in all cases to be made under rules and regulations to be prescribed by the Commissioner, with the approval of the Secretary. . . ."

[3] Treasury Regulations 77, Art. 221 (h) provided:

"'Net income of the taxpayer (computed without allowance for depletion) from the property,' as used in section 114 (b) (2), (3), and (4) and articles 221 to 248, inclusive, means the 'gross income from the property' as defined in paragraph (g) less the allowable deductions attributable to the mineral property upon which the depletion is claimed and the allowable deductions attributable to the processes listed in paragraph (g) in so far as they relate to the product of such property, including overhead and operating expenses, development costs properly charged to expense, depreciation, taxes, losses sustained, etc., but excluding any allowance for depletion. . . ."

development expenditures in applying the 50 per cent limitation on depletion allowance (36 B. T. A. 1327) and the Circuit Court of Appeals reversed (102 F. 2d 596). Since we have this day decided in *Helvering* v. *Wilshire Oil Co., supra,* that comparable regulations under the 1928 Act were lawful, *a fortiori* those here involved are valid and binding on petitioner. The judgment of the court below was therefore right and is

*Affirmed.*

MR. JUSTICE BUTLER and MR. JUSTICE REED took no part in the consideration or disposition of this case.