### HELVERING, Com'r of Internal Revenue, v. COMAR OIL CO.

#### No. 11377.

Circuit Court of Appeals, Eighth Circuit.
Nov. 20, 1939.

Sewall Key and Ellis N. Slack, Sp. Assts. to Atty. Gen., for petitioner.

Truman Post Young, Harold Lee Harvey, Hartley Pollock, Jr., and Thompson, Mitchell, Thompson & Young, all of St. Louis, Mo., for respondent.

Before SANBORN and THOMAS, Circuit Judges, and SULLIVAN, District Judge.

THOMAS, Circuit Judge.

This appeal from a decision of the Board of Tax Appeals involves the income taxes of the respondent, Comar Oil Company, for the year 1929. The taxpayer is a corporation engaged in producing oil and gas. The taxes in dispute were imposed under the Revenue Act of 1928. Section 114(b) (3) of the Act, 45 Stat. 791, 26 U.S. C.A. § 114 note, provides: "In the case of oil and gas wells the allowance for depletion shall be 27½ per centum of the gross income from the property during the taxable year. Such allowance shall not exceed 50 per centum of the net income of the taxpayer (computed without allowance for depletion) from the property, except that in no case shall the depletion allowance be less than it would be if computed without reference to this paragraph."

The respondent contends that in determining the depletion allowance under this section of the statute, for the purpose of applying the 50 per cent limitation, intangible development expenses should not be deducted from "the gross income from the property" in arriving at "the net income of the taxpayer (computed without allowance for depletion) from the property."

The Board of Tax Appeals sustained the respondent's contention, and the Commissioner appeals.

A discussion of the question thus presented would at this time be superfluous. At the time this case was submitted our attention was called by counsel to the fact that two cases were then pending before the Supreme Court on certiorari in both of which this identical issue was involved. The cases referred to were Helvering, Commissioner v. Wilshire Oil Company, Inc., 60 S.Ct. 18, 84 L.Ed. ——, and F. H. E. Oil Company v. Helvering, Commissioner, 60 S.Ct. 26, 84 L.Ed. ——. Both of these cases were decided by the Supreme Court November 6, 1939; and the decisions were adverse to the contentions of the respondent in the present case. In both cases it was held that the Board of Tax Appeals erred in holding that the taxpayer need not deduct intangible development expenses in applying the 50 per cent limitation on depletion allowance. Those decisions are controlling, and they require a reversal of the order appealed from in this case.

The order of the Board of Tax Appeals is accordingly

Reversed.