### F. H. E. OIL CO. v. COMMISSIONER OF INTERNAL REVENUE.

### FLEMING–KIMBELL CORPORATION v. SAME.

### No. 11167.

Circuit Court of Appeals, Fifth Circuit.

Aug. 21, 1945.

858

For former opinions, see 147 F.2d 1002, and 149 F.2d 238.

Harry C. Weeks, of Fort Worth, Texas., for petitioners.

Samuel O. Clark, Jr., Asst. Atty. Gen., Warren F. Wattles, Sewall Key, Helen R. Carloss, and Hilbert P. Zarky, Sp. Assts. to Atty. Gen., J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Bernard D. Daniels, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before SIBLEY, HOLMES, and WALLER, Circuit Judges.

PER CURIAM.

▉ This second motion for rehearing is not provided for by our rules of court, and will be denied.

▉ Resolution No. 50 adopted by the House of Representatives June 22, and agreed to by the Senate July 21, 1945, is urged as requiring a reconsideration. The Resolution is not an Act of Congress approved by the President or passed over his veto. It does not make law, or change the law made by a previous Congress and President. It does not alter the statutes as they existed when the taxes in controversy accrued. As an expression of opinion on a point of law it would of course be entitled to most respectful consideration by the courts, which under the Constitution exercise the judicial power, that is, the power to decide cases. We do not think the Resolution was intended as an intrusion upon the judicial power, but only as an assurance to those engaged in the oil and gas well business that the special favor heretofore extended them by the "expense option" of the Treasury Regulation which the Treasury Department had declared its purpose to continue, had the backing of those voting for the Resolution. It was not its purpose to enlarge or extend the Regulation beyond the understanding and practice of the Treasury Department which had made and administered the Regulation. The decision in this case, and in the others cited by the Tax Court in its opinion, are in accord with the limitations which the Treasury Department has itself put on the application of its own Regulation. Each of these cases upholds the action of the Treasury Department.

Motion for rehearing denied.