27 So.2d 268

### STANDARD OIL CO. OF NEW JERSEY v. COLLECTOR OF REVENUE.

No. 38007.

April 22, 1946.

Rehearing Denied June 14, 1946.

John B. Smullin and C. C. Bird, Jr., both of Baton Rouge, for defendant and appellant.

Cecil Morgan, A. M. Curtis, and Phelan H. Hunter, all of Baton Rouge, F. Leonard Hargrove, of Shreveport, and Arthur M. Hayes, of Baton Rouge, for petitioner and appellee.

F. P. Jones, Jr., of Houston, Tex., and H. Alva Brumfield, Jr., and Richard O. Rush, both of Baton Rouge, amici curiae.

HAWTHORNE, Justice.

This case involves two questions, (1) whether Article 107 of the Rules and Regulations Concerning Income Taxes, promulgated by the Collector of Revenue, State of Louisiana, in November of 1938,

is valid, and (2), if valid, whether it is applicable retroactively to income tax returns for the calendar year 1937.

The Standard Oil Company of Louisiana (now Standard Oil Company of New Jersey), hereinafter called the "taxpayer," instituted a proceeding before the Board of Tax Appeals of the State of Louisiana, styled "Standard Oil Company of Louisiana v. Collector of Revenue", for the purpose of having that board redetermine a deficiency of income tax of the taxpayer for the calendar year 1937 claimed to be due by the Collector of Revenue.

The Board of Tax Appeals, after a consideration of an agreed statement of facts, oral testimony, and documentary evidence, decided in an opinion promulgated on March 12, 1943, that Article 107 of the Rules and Regulations was valid prospectively but could not be applied retroactively to income tax returns for the year 1937. The Collector of Revenue then petitioned the Nineteenth Judicial District Court for the Parish of East Baton Rouge for review of the decision of the Board of Tax Appeals. That court, after trial, on July 27, 1945, rendered judgment affirming the decision of the Board of Tax Appeals insofar as it refused the claim of the Collector of Revenue for deficiency in income taxes of the taxpayer for the year 1937, but reversing said decision insofar as it held Article 107 of the Rules and Regulations Concerning Income Taxes to be valid prospectively and decreeing said article to be

null, void and of no force and effect. From this judgment the Collector of Revenue has appealed to this court.

The income tax law of the State of Louisiana is found in Act No. 21 of 1934, as amended. This act provides, among other things, that the Collector of Revenue is authorized and empowered to make, promulgate, and publish reasonable rules and regulations, not inconsistent with the act or other laws or the Constitution of this state or of the United States, for the enforcement of the provisions of the act and the collection of revenues thereunder.

Although the state income tax law was first enacted in 1934, the Collector of Revenue did not promulgate any rules or regulations until the month of November, 1938, in which rules and regulations we find Article 107. This article with reference to oil and gas wells provides, as stated in brief filed by counsel for the Collector, "that all amounts paid for labor, fuel, repairs, supplies, hauling, and other services which are used in drilling a well or the preparation for such drilling, commonly known as 'intangible costs', must be *capitalized,* that is to say, treated as part of the capital investment and not treated as a deductible business expense" for the year in which incurred.

Prior to the adoption of Act No. 21 of 1934 (the Louisiana state income tax law), the Commissioner of Internal Revenue of the United States had promulgated a rule permitting taxpayers the option of either

capitalizing intangible expenses in the drilling of oil or gas wells and recovering them through depletion, or treating them as business expenses and deducting them from revenue for the year in which they were incurred. After the adoption of the Louisiana income tax law, the Collector of Revenue of this state also permitted the option until the promulgation of Article 107 in the month of November, 1938.

Subsections (a) and (m) of Section 9, Act No. 21 of the Louisiana Legislature for the year 1934, read as follows:

"Section 9. Deductions from Gross Income.—In computing net income there shall be allowed as deductions:

"(a) Expenses.—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; traveling expenses (including the entire amount expended for meals and lodgings) while away from home in the pursuit of a trade or business; and rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity.

\* \* \* \* \* \*

"(m) Depletion.—In the case of mines, oil and gas wells, other natural deposits, and timber, a reasonable allowance for depletion and for depreciation of improvements, according to the peculiar conditions in each case; such reasonable allowance in all cases to be made under rules and regulations to be prescribed by the Supervisor [now Collector of Revenue]. \* \* \*"

These provisions in the Louisiana act are identical with corresponding provisions in the Federal Revenue Acts of 1932 and 1934, § 23, 26 U.S.C.A. Int.Rev.Acts, pages 489, 671, and were copied therefrom.

The taxpayer in this case contends that Article 107 is an invalid attempt on the part of the Collector to deprive taxpayers of a deduction allowed then by the Louisiana income tax law, and, in the alternative, that, if this article is held valid, it nevertheless cannot be applied retroactively to income tax returns for the year 1937.

The Honorable G. Caldwell Herget, the district judge before whom the case was tried in the lower court, in a well written opinion has correctly stated the issues and the law applicable thereto. We quote the greater portion of his opinion with full approval:

"This matter came before the Court to review a decision of the Board of Tax Appeals of the State of Louisiana.

"The question to be decided is whether or not expenditures by the taxpayer for intangible drilling costs are deductible from its income subject to tax under Act No. 21

of the Legislature of the State of Louisiana for the year 1934, as amended.

"By the agreed statement of facts, intangible drilling costs constitute expenditures for labor, fuel, repairs, supplies and other intangible costs incident to and necessary for the drilling of oil or gas wells and the preparation of said wells for production of oil or gas and have not in themselves any salvage value.

"It is conceded by the State that the pertinent provisions of the statute of this State involved in the decision of this case were taken from the Federal Revenue Act of 1932 and that under the Federal act the Commissioner of Internal Revenue had promulgated regulations which permitted the taxpayer, at his option, to capitalize the intangible drilling costs or to deduct same as an operating expense. Similar regulations had been in effect since 1917.

"It is further conceded that from the adoption of this act of the State of Louisiana to the promulgation of a regulation, Article 107, by the Collector of Revenue, the Louisiana taxpayer was granted the same option as that given by the Federal government, and taxpayers were permitted to capitalize or deduct as operating expense, intangible drilling costs.

"Learned counsel for the State contend that this option was granted to the taxpayer simply through inaction on the part of the agents of the State and not because of any regulation so providing because

Art. 107 adopted in 1938 was the first and only regulation actually adopted providing for the method to be used by taxpayers in reference to intangible drilling costs; further, that Art. 107 is a reasonable regulation in compliance with the act of the Legislature and, despite the lapse of four years, was seasonably adopted.

"The taxpayer, on the other hand, contends that the Legislature of this State having enacted Act No. 21 of 1934 in words, for all intent and purposes, practically verbatim with the Federal act, intended that the act should be given such construction as that which had been applied to the Federal act through the regulations of the Internal Revenue Department and the interpretation of the courts, and further, that the Collector of Revenue of this State by permitting taxpayers to capitalize or deduct as operating expenses intangible drilling costs had construed the State act so as to grant to the taxpayer the same option as given to him under the Federal act, together with the regulations and judicial interpretations of the Federal statute and regulations.

"The Board of Tax Appeals determined that Art. 107 of the regulations promulgated by the Collector of Revenue was reasonable and not at variance with the act of the Legislature but held that the Article should not be given any retrospective application.

"Since the provisions of the act in question were taken verbatim from the

Federal act, it is proper for this Court to examine the Federal authorities interpreting the Federal act, for it is a well established rule of construction that the adoption of a statute of another state or country includes all of the authoritative interpretations and constructions theretofore placed on such statute. Crawford on, 'The Construction of Statutes.' Succession of Hedden, La.App., 140 So. 851; Successions of Lissa et al., 198 La. 129, 3 So.2d 534; Saul v. His Creditors, 5 Mart.,N.S., 569 [16 Am.Dec. 212]; Watson v. Feibel, 139 La. 375, 71 So. 585.

"A review of the decisions of the Federal courts is convincing that the courts uniformly held that the Federal act, together with the regulations promulgated by the Bureau of Internal Revenue, permitted the taxpayer, at his option, to capitalize or deduct as operating expenses, intangible drilling costs.

"Therefore, before the adoption of Act 21 of the Legislature of 1934, in so far as the Federal Government was concerned, the option of the taxpayer to capitalize or deduct as operating expenses intangible drilling costs was apparently well settled. See the regulations promulgated by the Bureau of Internal Revenue and the following cases, some of which, however, were decided subsequent to the passage of Act No. 21 of 1934. Ramsey v. Commissioner of Internal Revenue, 10 [Cir.], 1933, 66 F.2d 316, certiorari denied [Ramsey v. Helvering], 290 U.S. 673, 54 S.Ct.

91, 78 L.Ed. 581; Sterling Oil & Gas Co. v. Lucas [D.C.], 51 F.2d 413; Ramsey v. Commissioner of Internal Revenue, 26 B. T.A. 277; Wentz v. Commissioner of Internal Revenue, 26 B.T.A. 868; Helvering, Commissioner of Internal Revenue, v. Wilshire Oil Co., Inc., 308 U.S. 90, 60 S.Ct. 18, 84 L.Ed. 101; F. H. E. Oil Co. v. Helvering, Commissioner of Internal Revenue, 308 U.S. 104, 60 S.Ct. 26, 84 L.Ed. 109.

"In Ramsey v. Commissioner, referred to supra, the Court said [66 F.2d 319]:

" 'The industry, the Commissioner, the Board of Tax Appeals, and the courts for years have acted upon the assumption that this regulation is valid. It is a fair solution of a debatable question. If it is to be changed at this late date, *it should be done by Congress and not the courts.'* (Italics, this Court's.)

 "It is therefore the opinion of this Court that when the Legislature of Louisiana adopted Act No. 21 of 1934, the Federal statute, from which the pertinent provisions of the Louisiana act were taken, had, by virtue of the regulations and court decisions, been given an accepted meaning and therefore it was the intention of the Legislature that such meaning should be given to the Louisiana act. I am further of the opinion that the Collector of Revenue of the State of Louisiana permitted the taxpayer to follow the same procedure as permitted by the Federal government, not because of lack of knowledge but because of his belief that such was the in-

tention of the Legislature. Therefore, no regulation was adopted providing for a different construction of the Louisiana act until Art. 107 was promulgated. It is the opinion of this Court that the Legislature in providing for or authorizing the Collector to make regulations did so with the intent to permit the construction of ambiguous provisions of the act, but, as stated hereinabove, the meaning of the statute had been well defined prior to the adoption of the act by the Legislature and was therefore unambiguous. In other words, the regulation should be effectuated for the purpose of carrying out the intention of the Legislature and if such intention is well defined then no regulation is necessary or appropriate, but if the statute or section of the statute is susceptible of different construction, then, by regulation, to determine the meaning of the statute.

"In passing, it may be well to note that the power of taxation, in so far as state taxes are concerned, is a matter which is, by the Constitution of this State, vested in the Legislature. See Art. 10, Sec. 1 of the Constitution. This Court is of the opinion that giving the sanction of validity to Art. 107 promulgated by the Collector would result in recognizing the authority of the Collector actually to levy a tax.

■ "Furthermore, taxes should be levied in such language that the taxpayer is clearly advised of the contribution he will be required to make to the cost of government. The State itself, or through its agencies, should not seek to place the taxpayer in a position in which he must make these involuntary contributions in accordance with regulations depending upon the variable opinions of the Collectors of Revenue.

■ "This Court is therefore of the opinion that the regulation by the Collector of Revenue, known as Art. 107, is contrary to the intent of Act No. 21 of the Legislature of 1934, and is therefore null and void. It is appropriate to note that the Legislature in 1944 amended the act so as to incorporate in the statute itself the right, at the option of the taxpayer, to capitalize or deduct, as operating expenses, intangible drilling costs.

\*　　\*　　\*　　\*　　\*

"This Court \* \* \* is of the opinion \* \* \* that the regulation, together with prior judicial interpretations, together with the re-enactment of the law by Congress had so impregnated the act so as to become an integral part of same. So much so, that the taxpayer, in the opinion of this Court, is granted the option by virtue of the law and not by the regulation.

"The United States Supreme Court with Mr. Justice Roberts as the organ of the Court, so held in the case of Helvering, Commissioner of Internal Revenue, v. R. J. Reynolds Tobacco Company, 306 U.S. 110, 59 S.Ct. 423, 426, 83 L.Ed. 536, from which opinion the following is quoted: 'Since the legislative approval of existing regulations by reenactment of the statutory pro-

vision to which they appertain *gives such regulations the force of law,* we think that Congress did not intend to authorize the Treasury to repeal the rule of law that existed during the period for which the tax is imposed.' (Italics by this Court.)

"Continuing its opinion, the Court then concluded that it was not then determining the question as to whether 'the alteration of the existing rule, even for the future, requires a legislative declaration or may be shown by reenactment of the statutory provision unaltered after a change in the applicable regulation.'

\* \* \* \* \*

"For these reasons, judgment is rendered and will be signed reversing the decision of the Board of Tax Appeals that Article 107 should apply prospectively and affirming the decision in so far as it rejects the State's claim for deficiencies in income taxes against the taxpayer for the year 1937."

In brief filed in this court, counsel for the Collector of Revenue admit a general rule of statutory construction to be that, when a lawmaking body passes a law which is a copy of a law theretofore enacted by that lawmaking body or even by some other lawmaking body, administrative interpretation and construction of the original act is adopted as part of the later act. They contend, however, that, even though the legally valid administrative interpretations of identical Federal statutory provisions were applicable to the

Louisianà income tax statute, nonetheless there would be nothing to impair the validity of Article 107.

In support of this contention, they state that, even though the Federal regulation permitting the deduction of these intangibles as expenses be a valid interpretation, it is only an interpretation of what the Federal statute *permits* and not an interpretation of what the statute *compels,* or that, if Federal administrative authorities have correctly interpreted the Federal statute as *permitting* them to allow the expensing of these intangibles, they have nowhere interpreted it as *compelling* them to grant the option.

Counsel further state that in this case all parties have admitted that there are two recognized accounting methods for the treatment of intangible drilling costs, namely, capitalization and charging to expenses, and that both of these methods are long established and well recognized in the oil and gas industries. They contend that, if the Federal regulation-making authorities had the right to permit the taxpayer to use either method of accounting or to allow to the taxpayer a choice under administrative interpretation of the Federal statute, they were not compelled to continue both of these methods but could restrict the taxpayer to one method. They argue that, if the Federal administrative authorities are not compelled to grant the option, there is no conceivable reason why the state Collector of Revenue,

444

under the power to make reasonable rules and regulations, cannot restrict the taxpayer to one or the other of these methods.

We have set out the contentions of the Collector of Revenue at some length, but, as his counsel say in brief, these contentions can be narrowed to the proposition that "the interpretation given by the Federal revenue officials was that the right to 'expense' or the obligation to 'capitalize' are [is] a matter for *regulations* to be made by the Federal Commissioner, and if this interpretation is taken over into the Louisiana law they are a matter for regulations to be made by the Louisiana Collector."

Insofar as the Louisiana income tax law is concerned (Act No. 21 of 1934), we are of the opinion that the administrative interpretation by the Federal revenue officials, permitting a taxpayer the option of capitalizing his intangible expenses and recovering them through depletion or of treating them as business expenses and deducting them from his revenue for the year in which they were incurred, is more than a matter for regulations. Counsel's contention that this is a matter for regulations, if correct, would defeat the rule of statutory construction that, when a lawmaking body passes a law which is a copy of a law theretofore enacted by that lawmaking body or even by some other lawmaking body, administrative interpretations and constructions of the original act are adopted as part of the later act, or such contention would simply mean that prior administrative interpretations would be of no effect, and that the provisions of the act so adopted would be subject to administrative interpretations contrary to, and inconsistent with, such interpretations made previous to the adoption of the later act.

In our opinion, the rule means that the interpretations of the original act in effect at the time of its subsequent adoption by the same or another lawmaking body are adopted as a part of, and are incorporated into, the new law.

In this case the interpretation was that the taxpayer had the option of treating his intangible drilling costs as business expenses or as a capital investment, and this was the interpretation adopted into our law by the passage of the state income tax act of 1934, the pertinent provisions of which were, as we have stated above, copied verbatim from the corresponding provisions of the Federal Revenue Act.

Since this administrative interpretation was adopted as, and became, a part of our law, the argument of counsel with reference to what the Federal statute permits and compels falls completely, for the Collector of Revenue of this state is compelled to follow the law permitting the option.

Counsel for the Collector further contend that administrative interpretation of the Federal statute, as exhibited by Regulation No. 77 of the United States Treasury Department, Bureau of Internal Revenue, issued under the Federal Revenue Act of

1932, to the effect that these regulations constitute an interpretation irrevocably giving the option, is nullified by the regulations themselves, for the reason that, under Article 236(d) of Regulation No. 77, it is provided that the taxpayer in his first return must elect either to capitalize or to expense his intangible drilling costs, and that, when this is done, he is forever bound by that election; or that the taxpayer who has capitalized his intangible costs for one year is denied the right to expense such costs incurred in any later year; or, still further, that a taxpayer who has elected to capitalize his intangible costs can be prevented from ever treating such costs as business expenses in future years. They contend that, if this be true, then the Federal regulations do not interpret the right of the taxpayer to expense intangible costs as an inherent right under the Federal statute, but that it is nothing more than a method of accounting, a matter of regulation so long as the taxpayer is given a method which is a recognized method.

We find no merit in this argument. The answer to it is that the question of whether the Federal interpretation is irrevocable or not is not pertinent to the decision of this case; or, in other words, that it is not necessary or proper for this court to decide whether the Federal government can now change its regulations. That regulation, like the Federal regulation permitting the option to capitalize or expense, was administrative interpretation of a provision of the Federal Revenue Act copied into the Louisiana

income tax law and was in effect at the time our income tax law was passed, and was therefore adopted into our statute and is now a part of our law.

The Collector of Revenue urges that this court give careful consideration to the fact that broad power was given by the Legislature under the income tax law to the rule-making authority to make and change regulations having practically the effect of law, and that this grant of power has been sanctioned by constitutional amendment. After a careful consideration, it is obvious to us that even under such a broad grant of power the Collector of Revenue did not have the authority to promulgate Article 107, for, under the rule that we adopted into our law the Federal administrative interpretation of provisions of the Federal Revenue Act which were copied into our law, Article 107 is contrary to our law, and the Collector cannot make regulations inconsistent with the act itself.

We concede that the modern trend has been to grant to administrative boards and bureaus legislative as well as judicial powers, all with judicial approval, even though in some instances it has been necessary for the courts in upholding such delegation of powers to give what in our opinion is a strained interpretation of the Constitution. It may be true in some instances that it is necessary to delegate to administrative boards or bureaus broad powers, but these boards or bureaus should not be permitted to contravene the Consti-

tution or statutes under the guise of exercising such broad grants of power. For, if carried too far, the effect of this practice may be to destroy our Democratic form of government, and for this reason careful consideration of such cases should be given not only by this court but by all courts.

Counsel for the Collector cite the case of F. H. E. Oil Co. v. Commissioner of Internal Revenue (Fleming-Kimbell Corporation v. Commissioner), 147 F.2d 1002, decided by the Circuit Court of Appeals, Fifth Circuit, on March 6, 1945 (rehearing refused 149 F.2d 238 and 150 F.2d 857), for the proposition that there is recent authority to interpret the Federal Revenue Act as not even permitting the granting of the option to treat intangible costs as business expenses, but concede that the decision in the cited case did not require a ruling on the validity of the option. Thus by counsel's own concession that case is not authority for the proposition advanced.

Counsel's principal argument is based on the assumption that the Federal authorities had the right under the Federal Revenue Act to permit the taxpayer the option of treating intangible costs as expenses or of capitalizing and recovering them by way of depletion, and not that the option itself was invalid, and under this assumption they argue that the Collector of Revenue of this state had the right to permit, but was not compelled to grant, the option to the taxpayer.

The question of whether the administrative interpretation of the Federal authorities granting the option is contrary to the provisions of the Federal Revenue Act and therefore incapable of being incorporated into an identical provision of the Louisiana income tax statute is not an issue in this case and need not be decided by us.

It is true, as pointed out by counsel, that the decision in the F. H. E. Oil Co. case, supra, did not require a ruling on the validity of the option of capitalizing or expensing such intangible costs. However, in that decision Judge Sibley, as the organ of the court, points out that under the Federal Revenue Act no deduction shall in any case be allowed for any amount paid for permanent improvements or betterments made to increase the value of any property or estate, and that the exhaustion of investments is to be cared for by depreciation and depletion allowances from year to year, and that Congress especially provided for depletion and depreciation in the case of oil and gas wells, giving the taxpayer a flat depletion allowance of 27½ per cent of the gross income from the property but not less than as computed by the usual formulas. He states that this depletion allowance includes and returns the investment in the well as well as the oil and gas in place, and that, when the percentage allowance is taken, there can be no additional allowance by way of the depreciation of the well. He then concludes that the

administrative interpretations, as evidenced by the regulations of the Commissioner of Internal Revenue, granting the option are not permitted by the Federal Revenue Act for the reason that the regulations purport to allow the intangible drilling costs to be deducted as an expense, and that, when oil and gas are produced, the full 27½ per cent allowance may again be taken under the statute, thus giving the driller of a successful gas or oil well a double deduction.

The Legislature of this state by Act No. 205 of 1944, amending Section 9 of the state income tax law, specifically granted the option with reference to intangible drilling costs. This amendment was passed prior to the decision in the case of F. H. E. Oil Co. v. Commissioner, supra. If the conclusion reached in that case is correct that the right of the taxpayer to exercise the option which is granted only to oil and gas producers gives to such taxpayer a double deduction, we feel sure that this fact has not been called to the attention of the Legislature.

Since we have reached the conclusion that Article 107 of the Rules and Regulations Concerning Income Taxes is invalid, plaintiff's alternative plea need not be discussed.

For the reasons assigned, the judgment appealed from is affirmed.

O'NIELL, C. J., absent.