McCALEB, Justice.
 

 W. Horace Williams Company, Inc., in Liquidation, has appealed from a judgment of the Civil District Court which affirmed a decision of the State Board of Tax Appeals disallowing the deduction of certain taxes by appellant on its state income tax returns" for the years 1936 through 1940 and refusing a refund of taxes paid (allegedly through error) by appellant for the year 1941. The controversy arises out of the following state of admitted facts.
 

 In 1931, Gulf Crushing Company, Inc., a subsidiary of appellant, sold all of its assets to Oyster Shell Products Corporation, Inc., for the sum of $500,000.00, payable over a period of years in first mortgage gold bonds issued by the purchaser. The book value of the property sold amounted to $42,682.54, so that the gross profit to be realized by Gulf Crushing Co., Inc., would be $457,317.46, when all of the bonds given in payment were collected. Availing itself of the provisions of the Federal income tax law relative to sales on an installment basis, see 53 Stat. 24, Section 44(b) of Title 26 U.S.C.A., Gulf Crushing Company elected to pay the tax on the capital gain (or income derived from the sale) during the years in which the bonds became due and exigible.
 

 In 1932, Gulf Crushing Company was liquidated and appellant acquired its assets. Thereafter, appellant, in computing its net income in its returns to the State,
 
 [1]
 
 deducted the Federal income tax paid by it on the proceeds of the bonds of Oyster Shell Products Corporation, as they matured. • These deductions were taken during the years
 
 *525
 
 1936 through 1940. In 1941, the deduction was not taken but appellant subsequently made claim for a refund on the ground that the tax was erroneously paid because of an oversight in not claiming the deduction. An investigation was made by the Collector which resulied in his disallowance of the deductions for the previous years and the filing of deficiency claims against appellant. This litigation followed.
 

 The question of law presented fo.r determination involves an interpretation of Sections 9(c) and 10(a) (5) of the State Income Tax Law, Act No. 21 of 1934, as amended, Dart’s Statutes, Sections 8587.9 and 8587.10, which read as follows:
 

 “Section 9. Deductions from Gross Income. — -In computing net income there shall be allowed as deductions :
 

 “(c) Taxes generally. — Taxes paid within the taxable year * * * ”.
 

 “Section 10. Items Not Deductible.-—
 

 “(a) In computing net income no deduction shall in any case be allowed in respect of—
 

 “(5) Any amount otherwise allowable as a deduction which is allocable to income wholly exempt to the taxpayer from taxes imposed by this act * * .
 

 The Collector of Revenue relies on Section 10(a) (5) of the act, which he maintains modifies the broad provisions o-f Section 9(c). Accordingly, he contends that, since the income represented by the proceeds of the bonds was not taxable (being earned in 1931, prior to the enactment of the law), no deduction of Federal taxes paid on such income is permissible.
 

 The position of appellant is three-fold. Initially, it is said that to deny a deduction of all or any Federal taxes paid by appellant during the taxable years would be to allow the Legislature to tax something other than net income and thus render the state income tax law invalid as Section 1 of Article X of the Constitution provides that “Equal and uniform taxes may be levied upon net incomes * * * ”. In other words, the contention is that, if the law be construed to deny deduction for taxes in computing net income, the provision would be inimical to the Constitution permitting the levy of taxes on net incomes inasmuch as net income, as ordinarily understood, means gross income less deduction of the usual and ordinary expenses of doing business or of earning income, including taxes.
 

 We see no merit whatever in this proposition. The constitutional provision authorizing the levy of taxes upon net incomes plainly contemplates that the Legislature will have some discretion in defining net income by providing for deductions from gross income which will constitute such income. As long as reasonable and ordinary expenses are allowed as deductions in computing net income, the Legislature does not violate the constitutional provision.
 

 The next contention of appellant is that Section 10(a) (5) of the Act is in
 
 *527
 
 applicable because the provision disallowing deductions of amounts otherwise permissible refers only to deductions allocable to income wholly exempt from taxes imposed by the act and that the taxes sought to be deducted here are allocable to capital of the taxpayer and not to income. This argument seems to be predicated on the theory that, since the income was earned in 1931, the proceeds received from the bonds of Oyster Shell Products Corporation in subsequent years was capital and that, hence, the Federal income tax paid on the installments was allocable tO' capital and not income.
 

 The point does not impress us. It is plain that the taxes claimed by appellant as deductions were Federal income taxes which were paid on the capital gain or income made by Gulf Crushing Company in 1931 and which, but for the latitude accorded by the Federal income tax law (permitting taxpayers to make returns on an installment basis), would have had to be paid during 1931. Hence, the circumstances that the tax was paid in installments after 1931 does not alter the fact that it was paid on income and was allocable thereto.
 

 The third and final contention of appellant is that Section 10(a) (5) of the Act is inapplicable because the income to which the deduction is allocable is not exempt from the tax imposed by the State income tax law. This proposition is founded on a restricted meaning of the word “exempt” as used in the statute. It is said that the word “exempt” refers to income specifically excluded from the computation of gross income by Section 8 of the statute and that the income of Gulf Crushing’ Company was not exempt — rather, it was not subject to taxation because it was earned prior to the enactment of the law.
 

 We cannot accord to the word “exempt” such a narrow and unseemly meaning for to do so would utterly destroy the intention manifested by the Legislature which was to deny deductions for any amount expended (or liability incurred) by the taxpayer allocable to income free from state taxes.
 
 [2]
 

 The foregoing view is fully sustained by the Federal courts in their interpretation of similar provisions of the Federal income tax law. Those decisions, under well-settled rules of construction, are pertinent to a consideration of our income tax law as the Louisiana statute was patterned on the Federal law. See Standard Oil Co. of New Jersey v. Collector of Revenue, 210 La. 428, 27 So.2d 268. In truth, the language of Section 10(a) (5) of the act is-practically identical with Section 24(a) (S)
 
 *529
 
 of the Federal act, which provides that, in computing net income, no deduction shall be allowed in respect of “any amount otherwise allowable as a deduction which is allocable to one or more classes of income * * * wholly exempt from the taxes imposed by this chapter.” See 26 U.S.C.A. § 24. This section has been interpreted by the Tax Court of the United States on several occasions (see National Engraving Co. v. Commissioner, 3 T.C. 178; Curtis v. Commissioner, 3 T.C. 648 and Heffelfinger v. Commissioner, 5 T.C. 985) and, prior to its enactment, the United States Circuit Court of Appeals for the Third Circuit, in Lewis v. Commissioner of Internal Revenue, 47 F.2d 32, held that, in construing the Revenue Acts of 1918 and 1921 (40 Stats. 1065 and 42 Stats. 237), a taxpayer was not entitled to deduct expenses incurred in earning nontaxable income even though there was no specific provision excepting such expenses from the deductions allowed by those laws.
 

 The matter of Curtis v. Commissioner, supra, decided by the Tax Court in 1944, presented the same question raised in the case at bar. There, petitioner, a Notary of the State of New York, sought to deduct from his Federal income tax return the expenses allocable to income earned in hfs official capacity, which was not subject to the Federal tax. In resolving that the expenses were not deductible, in view of Section 24(a) (5) of the Federal Act, the Court said:
 

 “Petitioner’s contention apparently is advanced on the assumption that the phrase ‘income wholly exempt from the taxes’ is used in section 24(a) (5) solely to denominate a special type income specifically ex-cludable from the general definition of ‘gross income’ by statute or on constitutional grounds. However, the phrase is not to be so limited. Income tax laws are to be given a sensible interpretation. Rhodes v. Commissioner [6 Cir.], 100 F.2d 966; Margaret R. Phipps, 42 B.T.A. 329; affirmed, 124 F.2d 288, and one which will effectuate the legislative intention. Brons Hotels, Inc., 34 B.T.A. 376. The language of section 24(a) (5), including therein the phrase in question, is susceptible of only one sensible interpretation, namely, that a taxpayer is allowed no deduction for expenditures which are allocable to income that is nontaxable for whatever reason. Moreover, this interpretation is in accord with the purpose of the provision and, hence, the legislative intent as indicated by the discussion thereof in the House of Representatives, wherein it was stated: ‘ * * * This particular amendment has reference to the question of deductions from gross income. It makes very certain the text of the bill disallowing deduction of expenses incurred in the production of non-taxable income. (Cong.Rec.Vol. 78, p. 3000.)’
 

 “Nor does this interpretation do violence to the wording of the section. The language of a revenue act, generally speaking, is to be given its ordinary and natural
 
 *531
 
 meaning. Helvering v. [William] Flaccus Oak Leather Co., 313 U.S. 247 [61 S.Ct. 878, 85 L.Ed. 1310]; Helvering v. San Joaquin Fruit & Investment Co., 297 U.S. 496 [56 S.Ct. 569, 80 L.Ed. 824], The nub of petitioner’s contention here concerns the meaning of the word ‘exempt’. This is not a technical term. It is of common usage and is defined by Webster as meaning ‘free or released from some liability’. Thus, when read in the usual sense, section 24(a) (5) simply says, in short, that no deduction shall in any case be allowed in respect of any amount allocable to income free or released of taxes. It can not be gainsaid that petitioner’s income from notarial fees was released from taxes. We reject petitioner’s contention that Section 24(a) (5)' is inapplicable.”
 

 The judgment appealed from is affirmed.
 

 [1]
 

 State Income Tax Law, Act No. 21 of 1934, did not become effective until the year 1935.
 

 [2]
 

 Tax statutes are to be given a reasonable construction with a view to carrying out the legislative purpose and intent. 51 Am.Jur. Section 309, page 361; Helvering v. William Flaccus Oak Leather Co., 313 U.S. 247, 61 S.Ct. 878; 85 L.Ed. 1310. It is only where the legislative intent is doubtful that tax statutes are to be interpreted liberally in favor of the taxpayer. State v. Standard Oil Co., 188 La. 978, 178 So. 601, and cases there cited.