REGAN, Judge.
Mrs. Richard W. Freeman initially instituted this proceeding before the Board of Tax Appeals of the State of Louisiana endeavoring to obtain a dismissal of the Collector of Revenue’s claim for $1,164.60 additional taxes for the year 1944 predicated on the disallowance of a deduction of Federal income taxes paid on capital gains which were not taxable under the State of Louisiana income tax statute.
The Board of Tax Appeals found that there was no deficiency, and from that decision the Collector of Revenue filed a petition for review by the Civil District Court for the Parish of Orleans.
The lower court reversed the decision of the Board of Tax Appeals and rendered a judgment in favor of the Collector and against Mrs. Richard W. Freeman in the amount of $1,164.60 plus interest at the rate of 6% per annum from May 15, 1945, until paid.
From that judgment she has prosecuted an appeal to this court.
In the year 1926, Mrs. Freeman’s husband acquired certain stock at a cost of $172,752.26. He disposed of this stock in 1944 for $413,488.77. The community thus realized a capital gain of $240,736.51. Mrs. Freeman paid a federal income tax of $30,-170.40 on her undivided interest in this income. She paid no Louisiana tax thereon because the market value of the stock on January 1, 1934, the effective date of the Louisiana income tax statute, was more than the sum realized from its disposition.[1]
In other words the income accrued on this stock prior to January 1, 1934, is excluded from gross income. In computing her Louisiana income tax due on other income realized in 1944, Mrs. Freeman deducted the Federal income tax paid on the income not taxable under Louisiana law.
The plaintiff contends that Federal income tax paid on account of the capital gain realized in 1944, not taxable under Louisiana law, may be deducted because of Section 9(c) of Act 21 of 1934 as amended by Section 6 of Act No. 7 of the Second Extra Session of 1934, LSA-R.S. 47:55, which provides:
“In computing net income there shall be allowed as deductions:
* * * *
“(C) * * * the taxable year fj* 3' * »-3 p * 8 # p
The Collector of Revenue insists that the deduction may not be taken because of Section 10(a)(5) of the Act as amended by Section 7 of Act No. 7 of the Second Extra Session of 1934, LSA-R.S. 47:76, which provides:
“In computing net income no deduction shall in any case be allowed in respect of—
******
“ * * * ^ny amount otherwise allowable as a deduction which is al- *198 locable to income wholly exempt to the taxpayer from taxes imposed by this Act * *
The Collector insists that while Section 9(c) authorizes the deduction of taxes, Section 10(a)(5) limits the authorization to taxes allocable to income taxable under Louisiana tax law and specifically prohibits the deduction of taxes paid on account of income wholly exempt from taxes under the Louisiana statute. Hence the Collector’s position is that the Federal income tax paid by Mrs. Freeman on this capital gain, not taxable during the year 1944 by the State, may not be deducted by Mrs. Freeman in computing the Louisiana tax for 1944 on other income taxable under Louisiana law.
The only question posed for our consideration is whether said income taxe^ paid on account of a capital gain realized in 1944 not taxable under Louisiana law may be deducted in computing net income taxable under the Louisiana statute.
The Collector’s interpretation of Sections 9(c) and 10(a) (5) was maintained by the Supreme Court of Louisiana in the case of W. Horace Williams Co. v. Cocreham.[2] The organ of the Court in a well-considercd opinion rationalized thus:
“The foregoing view. is fully sustained by the Federal courts in their interpretation of similar provisions of the Federal income tax law. Those decisions, under well-settled rules of construction, are pertinent to a consideration of our income tax law as the Louisiana statute was patterned on the Federal law. See Standard Oil Co. of New Jersey v. Collector of Revenue, 210 La. 428, 27 So.2d 268. In truth, the language of Section 10(a)(5) of the act is practically identical with Section 24(a)(5) of the Federal act, which provides that, in computing net income, no deduction shall be allowed in respect of ‘any amount otherwise allowable as a deduction which is al-locable to one or more classes of income * * * wholly exempt from the taxes imposed by this chapter.’ See 26 U.S.C.A. § 24. This section has been interpreted by the Tax Court of the United States on several occasions (see National Engraving Co. v. Commissioner, 3 T.C. 178; Curtis v. Commissioner, 3 T.C. 648 and Heffelfinger v. Commissioner, 5 T.C. 985) and, prior to its enactment, the United States Circuit Court of Appeals for the Third Circuit, in Lewis v. Commissioner of Internal Revenue, 47 F.2d 32, held that, in construing the Revenue Acts of 1918 and 1921 (40 Stat. 1065 and 42 Stat. 237), a taxpayer was not entitled to deduct expenses incurred in earning nontaxable income even though there was no specific provision excepting such expenses from the deductions allowed by those laws.
“The matter of Curtis v. Commissioner, supra, decided by the Tax Court in 1944, presented the same question raised in the case at bar. There petitioner, a Notary of the State of New York, sought to deduct from his Federal income tax return the expenses [and state income tax] allocable to income earned in his official capacity, which was not subject to the Federal tax. In resolving that the expenses [and state income tax] were not deductible, in view of Section 24(a) (5) of the Federal Act, the Court said:
“ ‘Petitioner’s contention apparently is advanced on the assumption that the phrase “income wholly exempt from the taxes” is used in section 24(a)(5) solely to denominate a special type income specifically excludable from the general definition of “gross income” by statute or on constitutional grounds. Plowever, the phrase is not to be so limited. Income tax laws are to be given a sensible interpretation. Rhodes v. Commissioner, 6 Cir., 100 F.2d 966; *199 Margaret R. Phipps, 42 B.T.A. 329; affirmed, 75 U.S.App.D.C. 86, 124 F.2d 288, and one which will effectuate the legislative intention. Brons Hotels, Inc., 34 B.T.A. 376. The language of section 24(a) (5), including therein the phrase in question, is susceptible of only one sensible interpretation, namely, that a taxpayer is allowed no deduction for expenditures which are alloca-ble to income that is nontaxable for whatever reason.’ ”
We have used the foregoing case as a guide, and we find that the rationale expressed therein is applicable to the instant case.
Obviously the legislature did not intend to permit the deduction of items not alloca-ble to income taxable under the Act, and this intention is, we believe, fully shown by the fact that the legislature adopted Sections 9 and 10 and the amendments thereto simultaneously. While it is true that Section 9 does specifically list items which are deductible and Se-tion 10(a) (5) prohibits generally the deduction of any items allocable to income not taxable under the Act, a careful analysis of the Act in its entirety, particularly Part II thereof, keeping in mind that the purpose of this Part is to reflect the method of computing net taxable income, will reveal that the legislature clearly intended that Section 10(a) (5) should modify the application of Section 9(c).
The Board of Tax Appeals of the State of Louisiana was unjustifiably influenced in its opinion by two amendments adopted in 1946, or after the Second Extra Session of 1934,[3] and simply concluded therefrom that prior to 1946 it was the intention of the legislature to allow the deduction of such taxes as are involved herein.
We believe that the purpose of the legislature in adopting these amendments was to make it abundantly certain that no deduction of taxes allocable to income not taxable under the Act would be permitted. We think that these amendments were provoked by the fact that the interpretation of the Act had been questioned in the Williams case, supra, and therefore the legislature adopted the amendments for the purpose of fortifying its intention which already appeared in Sections 9(c) and 10(a) (5).
In reiteration, the profit earned by Mrs. Freeman emanating from the disposition of the stock in 1944 was not taxable under Louisiana law because it accrued pri- or to 1934, since the stock on that date was worth more than was later realized from its disposition. Under the terms of Section 30(a) (13) of Act No. 21 of 1934 as amended by Act No. 7, Section 16 of the Second Extra Session of 1934, the profit on this stock which accrued between 1926 and January 1, 1934, was excluded from gross income and was therefore not taxable. The Federal taxes allocable to this profit are not deductible in computing the net taxable State income of Mrs. Freeman for the year 1944.
We notice that the trial judge inadvertently rendered judgment in favor of the Collector of Revenue for $1,164.60 together with interest at the rate of 6% per annum from May 15, 1945, until paid. Of course, this was error, since the Act specifically provides for interest at the rate of 6%- per annum for a period of four years *200 and thereafter at the rate of 3% per an-num until paid.[4]
For the reasons assigned the judgment appealed from is amended so as to award interest on the amount of the judgment at the rate of 6% per annum from May 15, 1945, to May 15, 1949, and thereafter at the rate of 3% per annum until paid. In all other respects the judgment is affirmed.
Amended and affirmed.

. Section 30(a) (13) of Act No. 21 of 1934, as amended by Section 16 of Act No. 7 of Second Extra Session of 1934, LSA-R.S. 47:155.

. 1948, 214 La. 520, 38 So.2d 157, 159

. “Any amount otherwise allowable as a deduction -which is allocable to income not subject to the tax imposed by this Act, and any amount otherwise allowable as a deduction which is allocable to income which, for any reason whatsoever, will not bear the tax imposed by this act.” Section 10(a) (5), Act No. 200 of 1946.
“Any income taxes paid on net income on which no Louisiana income tax has been paid, and, on which, for any reason whatsoever, no Louisiana income tax will be paid, except income taxes attributable to a difference between credits against net income allowed by Section 11 of this Act and like credits against net income allowed in the law under which such income taxes are paid.” Section 9(c) (4), Act No. 203 of 1946.

. «* * * if the term for which interest is to be charged exceeds four years, the rate of interest for the period beyond four years shall be reduced to three per centum (3%) per annum. * * *” LSA-R.S. 47:1601.