LOTTINGER, Judge.
This suit was brought by eighteen petitioners against Ashton J. Mouton, Collector of Revenue for the State of Louisiana, as defendant, for the refund of $7,473.49, same being the total amount of additional income taxes paid by petitioners to defendant, under protest. The Lower Court rendered a judgrhent in favor of petitioners and against defendant, and the defendant has taken this appeal.
The record discloses that petitioners are the former shareholders of Cristina Realty Co., Inc. (hereafter referred to as “Cristina”), a Louisiana Corporation which was liquidated during the year 1964, under the provisions of Title 47, Section 135 of the Louisiana Revised Statutes. During that year, Cristina adopted a plan of complete liquidation and sold most of its capital assets to third parties. As all the assets were located in the State of Louisiana, the gain realized by Cristina on these sales constituted income under the Louisiana Income Tax Statutes. Accordingly, Cristina reported this gain in its final Louisiana State income tax return, and paid the Louisiana income taxes thereon. Under the provisions of 26 U.S.C.A. § 337, Cristina did not pay any Federal income taxes on the gain, because such taxes are accessible to the shareholders of the liquidating corporation, and not to the corporation itself. As Cristina did not pay any Federal tax on this gain it, of course, did not have any deduction on its Louisiana return for the Federal taxes paid in respect of this gain.
Pursuant to its plan of complete liquidation, Cristina distributed all of its assets to its shareholders, the petitioners herein, who received such assets in exchange for the surrender of their stock in Cristina. As a result of this exchange, each shareholder realized a gain of approximately $136,000.00, which was the difference between the amount received by him for his stock less the adjusted basis of the stock. Of this total gain of $136,000.00, approximately $94,-000.00 was attributable to the realized gain on the capital assets which Cristina had sold in contemplation of liquidation, and on which gain the corporation had paid Louisiana income tax.
Under Federal Tax Law, 26 U.S.C. A. § 337, the capital gain realized upon the sale of assets by a corporation pursuant to a plan of liquidation is taxable to the individual shareholder and not to the corporation itself. Under the Louisiana Tax Law, R.S. 47:135, subd. B, the capital gain is taxable *754 to the corporation and not to the individual shareholders. Thus each taxpayer’s Federal income tax was computed and payed by reference to the entire gain on his exchange of stock for the assets of Cristina, that is, on a realized gain of $136,000.00. But, for Louisiana purposes, pursuant to the provisions of R.S. 47:135, subd. B, each appellee did not report as Louisiana income the $94,000.00, upon which Louisiana taxes had been paid by the corporation, because, as has been pointed out, Louisiana law taxes the liquidating corporation and not the individual shareholders on gain attributable to the sale by the corporation of its capital assets in the liquidation procedures. This exclusion of $94,000.00 by plaintiffs on their Louisiana returns was entirely proper and is not in dispute, as it is expressly authorized byR.S. 47:135, subd. B.
The dispute in this case arises out of the fact that each of the petitioners deducted from his Louisiana income tax return the Federal income tax which he had paid on the entire $136,000.00, gain under the provisions of 26 U.S.C.A. § 337. The Louisiana Revenue Collector disallowed this deduction of Federal income tax paid by petitioners to the extent that such Federal tax was attributable to the $94,000.00, portion of the entire gain, and which portion each petitioner had excluded from his Louisiana income tax return because the Louisiana taxes on same had been paid by the corporation. The dis-allowance of this deduction for Federal taxes paid resulted in an additional total assessment of $7,473.49, against all petitioners, which sum they paid under protest and for refund of which they instituted this suit.
There is no dispute as to the facts involved in this proceedings. The facts were resolved by stipulation of counsel, and counsel for each side filed motions in the Trial Court for summary judgment. The Trial Court dismissed the defendant’s motion and sustained the petitioners’ motion, granting a summary judgment for refund accordingly.
Thus we have no question of fact before this Court. We find that the corporation, in contemplation of liquidation, sells its assets, realizes a gain thereon in cash, pays the Louisiana income tax on that gain and then liquidates and distributes the cash to its shareholders. Each distributee realizes a gain on the distribution and pays his individual Federal income taxes thereon. The distributee is allowed an exclusion from Louisiana income taxes to the extent of the distribution, as the State tax has already been paid by the corporation. The sole and only question before this Court is whether the distributee, who are the plaintiffs herein, are allowed to a deduction from Louisiana income taxes for the Federal taxes paid on the amount he excludes from his Louisiana income tax return, because of the fact that the taxes were paid by the corporation.
To present the question before us more clearly, let’s take as an example two of the petitioners in this proceedings who are husband and wife. The facts leading to the collector’s claim for tax deficiencies against the other petitioners are the same although the actual tax claim from each petitioner is different because of other factors, such as deductions peculiar to each plaintiff. The Stoulig’s, as husband and wife, were one of nine stockholders of Cristina, which sold land in contemplation of liquidation. A Louisiana income tax return was filed by the corporation and the tax was paid on the net gain realized from the sale of the land. Then the corporation distributed its assets to its stockholders, petitioners herein, and then was dissolved.
These two petitioners then filed their Federal income tax return in which they included in gross income only one-half of their realized gain from their stock when Cristina was dissolved. This was proper and in accordance with Federal law under the long term capital gains provision. The amount reported by these two petitioners as their realized gain from Cristina was approximately $136,000.00, of which amount approximately $94,000.00 was their pro rata share of the net gain realized from the sale of the land by Cristina, and upon which the *755 corporation had paid the Louisiana income tax.
When these two petitioners filed their Louisiana income tax return they were entitled to an exclusion from Louisiana income of the $94,000.00, which was their pro rata share on the distribution of the net gain realized by Cristina from the sale of its land and on which a Louisiana income tax had been paid under the provisions of R.S.-47:135, subd. B. However, these two petitioners also deducted from gross Louisiana income the Federal income taxes they had paid on one-half of the approximately $94,-000.00 reported on their Federal tax return.
The controversy between the collector and these two taxpayers concerns their deduction for Federal taxes paid. The collector contends that since approximately $94,-000.00 was allowed these petitioners as a deduction on their Louisiana income tax return, because it had already been paid by the corporation, then any Federal tax they individually paid on that amount is not deductible under the provisions of R.S. 47:135, subd. B.
The question, therefore, is: Does the provisions of R.S. 47:55(4) preclude a deduction by petitioners of Federal taxes paid by them on the $94,000.00 portion, on which they personally paid no Louisiana tax, but on which the liquidating corporation did pay Louisiana tax? The sole issue is one of law and is res nova. The additional tax assessed by the defendant, and paid under protest by petitioners, is or is not owed depending on the interpretation to be given L.A.R. S. 47:55(4) and its complement, R.S. 47:76.
The reason why the capital gain from such a distribution is taxed by the federal authorities to the individual stockholders and by the Louisiana authorities to the corporation is apparent. The Federal Government has no trouble in collecting the taxes due it from the individual stockholders regardless of where they live, whether in Maine or New Mexico. On the other hand, the State Government could experience serious difficulty in collecting such taxes from a tax debtor who resides out of the State of Louisana. Had both the Federal and State taxes been due by the same entity, either the corporation or the individual shareholders, then the problem before us would not have arisen.
The taxing procedure, as provided by the State of Louisiana, is set forth in R.S. 47:55(4), which provides as follows:
“In computing net income, there shall be allowed as deductions all taxes paid or accrued within the taxable year except:
(4) Any income taxes paid on net income on which no Louisiana income tax has been paid, and, on which, for any reason whatsoever, no Louisiana income tax will be paid, except income taxes attributable to a difference between credits against net income allowed by R.S. 47:79 and like credits against net income allowed in the law under which such income taxes are paid.” (Emphasis ours).
The taxpayers contend that the exception to deductibility in R.S. 47:55(4) does not apply in the present situation because Louisiana income taxes have been paid on the income for which they paid federal tax, and they, therefore, are entitled to the deduction claimed. The defendant, on the other hand, contends that the provisions of R.S. 47:55 (4) precludes the deduction for federal taxes paid by taxpayers on the $94,000.00, portion because no Louisiana income tax has been paid nor will it be paid by the taxpayers with regard to this portion.
The statute quoted above provides, in no uncertain terms, that all taxes paid are deductible with certain listed exceptions. The only exception with which we are concerned is exception number four. Thus we find that the general rule is that taxes are deductible. The premise is in favor of de-ductibility, and, unless taxpayers fall within a listed exception, the taxes paid are deductible.
*756 We have been unable to find any jurisprudence of this State construing the provisions of R.S. 47:55(4) or its companion statute, R.S. 47:76, as they are involved in this case. Prior to the year 1946, the language of the statute pertaining to deductions differed substantially from its present wording. At that time, R.S. 47:55(4) did not exist, and R.S. 47:76 was the allocable section. The general deduction for taxes paid was provided, but R.S. 47:76 (Created by Act 21 of 1934) denied this deduction to “Any amount otherwise allowable as a deduction which is allocable to income wholly exempt to the taxpayer from taxes imposed by this Act.” (Emphasis ours).
During the year 1946, by Act No. 203, R. S. 47:76 was amended so as to strike the words “wholly exempt to the taxpayer,” and R.S. 47:55(4) the parallel provision to 47:76, was created without such wording. Thus, as applied to the present facts, instead of the provision that federal taxes are not deductible if paid on income which in Louisiana was “wholly exempt to the taxpayer,” R.S. 47:76 was changed, and R.S. 47:55(4) was added to provide that federal taxes are not deductible if paid “on net income to which no Louisiana income tax has been paid” (R.S. 47:55) or “allocable to income not subj ect to the tax imposed by this Chapter” (R.S. 47:76); The language, prior to 1946, “wholly exempt to the taxpayer” is precisely what the defendant reads into the present statutes, and what he asks the Court to now read into them.
The 1946 revision of the deduction provisions took the focus off the taxpayer and placed it on the income subsequent to the revision. No deduction for federal taxes was allowed if the income would not bear a Louisiana tax. The important fact here is that the income did bear the tax and the Louisiana tax was paid by the liquidating corporation. It must be remembered that by virtue of R.S. 47:135, subd. B, the transaction of liquidation created only one taxable income on which a tax was paid to the State of Louisiana.
With regard to a going concern, income to the corporation is taxed to the corporation when earned, then is again taxed to the shareholders when distributed in the form of dividends. In that situation, the earning and subsequent pay out are two income producing transactions, one to the corporation and one to the shareholder.
This is not so, however, with regard to a liquidating corporation, where legislatively (as recognized by R.S. 47:135, subd. B) there is only one income producing transaction. The liquidating corporation is in the process of relinquishing its separate economic and legal entity, and is merging into the existence of its shareholders. Both Federal and State tax laws confirm that, in so doing, there is only one income producing transaction, not two, as would be the case for a going concern. There being but one income, and the Louisiana tax having been paid on that income, the taxpayers are not precluded from deducting on their Louisiana returns the Federal taxes they paid on that income.
Such has been the law since the year 1946, when the Legislature changed the statutes to their present reading. Under the wording of the statute prior to the year 1946, the result would have been otherwise. To ask the Court to now read into a statute what the Legislature has expressly taken out is contrary to the principle of separation of powers, invites judicial legislation in the face of clear legislative intent, and violates the accepted canons of statutory construction.
The defendant has cited two cases to support his position, namely, W. Horace Williams Co. v. Cocreham, 214 La. 520, 38 So. 2d 157, and Freeman v. Collector of Revenue, La.App., 110 So.2d 196. In the Williams case, the income at issue was proceeds from installment sales on which Federal income tax had been paid in installments over a period of years, but upon which no Louisiana income tax was paid by the taxpayer or anyone else. The income was earned *757 during the year 1931, prior to the enactment of Louisiana’s income tax law during 1934. The income was not taxable to Louisiana, although it was taxable to the Federal Government under installment sales. In that case, the Lower Court held that the income was not subject to taxation because it was earned prior to the enactment of the Louisiana income tax law: Therefore, the Federal taxes allocable to the profit were not deductible in computing the net taxable state income of the petitioner for the year 1941.
A similar situation was presented in the Freeman case. In that case, the petitioner incurred a capital gain on sale of stocks which was taxable under Federal Law, but was not taxable under Louisiana Law. The basis for determining the capital gain under Federal Law was the price of the stock in 1924, when petitioner acquired it. However, the Louisiana income tax law was not enacted until 1934, and the basis for determining capital gain on the stock under State law was the price of the stock in 1934. This stock was sold during 1944, for more than the 1924 basis (Federal) but less than the 1934 basis (State). Because of the different dates used as starting points and the different stock prices on the two dates, there was for Federal purposes a gain which was taxable, but for State purposes there was no gain and accordingly, no tax. In other words, a Federal tax was paid, but no State tax was due or paid by anyone. Accordingly, the Court held that the Federal income tax was not deductible by Mrs. Freeman in her State return as she had paid the Federal tax on income which was “wholly exempt to the taxpayer” under the statutes as they then existed.
We feel that the Lower Court was correct when it held that when the corporation paid the Louisiana income tax, this entitled the petitioners to deduct on their individual returns the amount of Federal income tax paid by the petitioners, because under the terms of the statute it cannot be said that “no Louisiana tax has been paid.” The Louisiana income tax has been paid and the petitioners are entitled to the deductions they claim.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed.
Judgment affirmed.