TATE, Justice.
The plaintiff taxpayers sue to recover Louisiana income taxes paid under protest for the year 1971, pursuant to La.R.S. 47:1576, alleging the unconstitutionality of La.R.S. 47:55(5) as enacted by Act 258 of 1970.[1] The district court rendered judgment in favor of the State Collector of Revenue, upholding the constitutionality of the challenged act. The appeal to the court of appeal was transferred to this court, 288 So.2d 926 (La.App. 1st Cir. 1973), since the case is appealable directly to this court, as the constitutionality of a tax is herein contested. La. Const. Art. 7, Section 10 (1921, as amended in 1958).
The sole issue presented on this appeal is whether the term “net income”, as used in Article 10, Section 1 of the Louisiana Constitution, prohibits the Louisiana legislature from collecting an income tax on sums paid as federal income tax. This constitutional authorization provides:
“Equal and uniform taxes may be levied upon net incomes, and such taxes may he graduated according to the amount of the net income.”
Taxpayers contend that the legislature, in repealing in 1970 the exemption for federal income taxes paid in computing the Louisiana income tax, allowed prior to the 1970 enactment, are taxing something other than “net income”. Thus, they argue, La. R.S. 47:55(5) (1970) is unconstitutional.
The Collector, on the other hand, contends that, since no definition of.“net income” is contained in the Constitution, the *276 legislature has a reasonable discretion to determine what deductions may be allowed in determining the “net”, i. e., “taxable” income. The Collector argues that the legislative discretion has not been abused in not allowing deductions for federal income taxes paid in the computation of “net” income subject to the state income tax.
Our trial brother has favored us with written reasons for judgment in which he ably disposes of taxpayers’ contention:
“The issue to be resolved is whether or not the Legislature has the authority to establish deductions to determine net income. See W. Horace Williams Company v. [Cocreham] Cochreham, 214 La. 520, 38 So.2d 157. In that case, the identical issue was raised, i. e., that to deny a deduction of all or any Federal taxes paid by taxpayers would be to allow the Legislature to tax something other than net income. In resolving this issue adversely to the taxpayer the Supreme Court said:
‘The Constitutional provision authorizing the levy of taxes upon net incomes plainly contemplates the Legislature will have some discretion in defining net income by providing for deductions from gross income which will constitute such income. As long as reasonable and ordinary expenses are allowed as deductions in computing net income, the Legislature does not violate the Constitutional provisions.’
“Dicta in the Williams case, supra, and the Trunkline Gas Company v. Collector of Revenue, 182 So.2d 674 (La.App. 1st Cir. 1965), indicate that granting a deduction for Federal income tax paid is a legislative grace.
“The Legislature has decided that it will not permit a deduction for Federal income taxes paid in the determination of Louisi-' ana net income. The jurisprudence, both State and Federal, has clearly indicated that the allowance of Federal income taxes paid as a deduction is strictly a matter of legislative grace. Reasonable minds may differ as to what factors should be taken into consideration in computing net income. * * * ”
Taxpayers contend that the Williams case is distinguishable, and should not control the present action. While we recognize that Williams may be factually distinguishable from the case at bar, we find the principle of law enunciated therein to be applicable to this case as well.
The Williams decision noted that the legislature has discretion to determine what deductions are allowed in computing net income, “as long as reasonable and ordinary expenses are allowed as deductions.” The taxpayers suggest that federal income taxes should be considered as reasonable and ordinary expenses mandatorily deductible. We are cited to no legal authority that the taxes on net income paid by a taxpayer to one taxing authority are necessarily “expenses” deductible in determining the net income taxable by another. We see no reason to depart from previously established principle by so holding.
We find no error in the judgment of the district court. Accordingly, the judgment appealed from is affirmed.
Affirmed.
SUMMERS, J., dissents for the reasons assigned.
BARHAM, J., dissents for reasons assigned.

. La.R.S. 47:55 (“Deductions from gross income; taxes generally”) as amended and reenacted by tlie 1970 statute in full provides (the attacked subsection (5) is italicized) :
“In computing net income, there shall be allowed as deductions all taxes paid or accrued within the taxable year except:
“(1) Taxes imposed by this Chapter;
“(2) Estate, inheritance, legacy, succession and gift taxes;
“(3) Taxes assessed against local benefits of a kind tending to increase the value of the property assessed; but this paragraph shall not exclude the allowance as a deduction of so much of such taxes as is properly allocable to maintenance or interest charges;
“(4) Any income taxes paid on net income on which no Louisiana income tax has been paid, and, on which, for any reason whatsoever, no Louisiana income tax will be paid, except income taxes attributable to a difference between credits against net income allowed by R.S. 47:79 and like credits against net income allowed in the law under which such income taxes are paid ; and

“(5) Federal taxes, except social security taxes, based on income, including, but not limited to, net income, war profits, excess profits, accumulated earnings and personal holding company taxes paid or accrued for any taxable period beginning on and after January 1, 1970.”

Act 8 of the Extraordinary Session of 1973 repealed subsection (5).