SUMMERS, Justice
(dissenting).
In classifying these taxpayers’ income prior to imposition of their federal income tax as “net income”, the Court holds: “We refuse to depart from previously established principle . . . . ” With this holding I cannot agree, as I see the issue raised here as res nova.
Two cases are relied upon to support the Court’s opinion, W. Horace Williams Co. v. Cocreham, 214 La. 520, 38 So.2d 157 (1948), and Trunkline Gas Co. v. Collector of Revenue, 182 So.2d 674 (La.App.1965). In Williams the taxpayer sought to deduct from his state income tax base a part of the amount due as federal income tax, although the federal tax base attributable to that part was exempt from state income tax (having been earned prior to the enactment of the state income tax law). That deduction was rightly rejected by this Court, which did not deal with a situation where, as here, taxpayers seek a deduction in the amount of the federal income tax due as to income not exempt from the state income tax. Thus, in Williams, contrary to the' holding of the majority in the instant case, the State did not tax the taxpayer’s nonexpendable income.
The Trunkline Case, supra, likewise presents an inapposite factual situation. There the court found as fact that no federal income taxes had been paid; thus, properly, no deduction as to the state tax base was allowed.
The majority has here allowed state taxation of that income ultimately due the federal government. Indeed the wage earner paid by payroll check, whose federal income tax is withdrawn prior to receipt of his check, is liable under this decision for state income tax on the federal income tax which he never sees. It is this double taxation, this tax on tax, which I find vio-lative of the constitutional directive that only “net income” shall be taxed. Such a result is also inimical to ordinary standards of fair dealing.
Not only is the Williams Case not authority for this holding, it is, to the contrary, in conflict with this decision. The teaching of the Williams Case is that under Article X, Section 1, of the present constitution “the Legislature will have some discretion in defining net income by providing for deductions from gross income which will constitute such income” so long as “reasonable and ordinary expenses are allowed as deductions in computing net income . . . . ” (emphasis added).
The question, then, is whether it is reasonable for the legislature to deprive the taxpayer of the right to deduct federal income tax in the computation of his net income.
In my view the constitution expresses a deliberate effort on the part of the people of. this State to limit legislative discretion by providing that “Equal and uniform taxes may be levied upon net incomes, and such taxes may be graduated according to the amount of net income.” La.Const. Art. X, 1. (emphasis added).
There are some expenses, therefore, which are beyond the power of the legislature to disallow. Expenses properly calculable in the determination of net income to the taxpayer are in this category. The plain meaning of “net” is “clear of anything extraneous, with all deductions, such as charges, expenses, discounts, taxes, etc., *278 made . . . that which remains after ■deducting all charges and outlays.” (emphasis added). Black’s Law Dictionary, (4th ed.)
The framers of the Louisiana Constitution did not insert “net income” in Article X, Section 1, inadvertently. The phrase was inserted to assure the people that the legislature would only tax increases in their wealth, not to allow a tax on a tax and thereby offend the common definition of net income. That this legislation is offensive to the constitution is demonstrated by its repudiation in Louisiana’s recently adopted constitution which provides that “Federal income taxes shall be allowed as a deductible item.” La.Const. Art. VII, j[ 4 (1974).
Tax legislation where ambiguous should be liberally construed in favor of the taxpayer. State v. Standard Oil Co. of Louisiana, 188 La. 978, 178 So. 601 (1937). The Court’s opinion disregards this long established rule of constitutional and statutory construction.
I respectfully dissent.