laWHIPPLE, Judge.
This case is before us on appeal from a judgment in favor of Kean’s Partnership d/b/a Red Stick Linen Services (“Red Stick”) and against the City of Baton Rouge, Parish of East Baton Rouge and Lynn Schofield, in his capacity as Finance Director of the City of Baton Rouge, Parish of East Baton Rouge (collectively referred to as “City/Parish”) in the amount of $106,437.21, together with interest as provided in LSA-R.S. 33:2718, representing a refund of sales taxes collected by the City/Parish from Red Stick on the purchases of certain textile products. For the following reasons, we reverse.
FACTS
The parties have stipulated to the relevant facts as follows. In the course of its business, Red Stick purchased textile products, such as uniforms and other linens, for its customers. Red Stick entered into a service agreement with its customers for a period of three to five years, which usually covered the useful life of the textile products. The service agreements provided for periodic pickup, laundering, mending and delivery of the textile products. Each uniform was customized with the logo of the customer and tailored to fit the customer’s employees. If a service contract was breached or canceled, the textile products reverted to Red Stick.
From January 1, 1985 through July 31, 1986, Red Stick purchased textile products to furnish to its customers under its service *1345 agreements. Red Stick paid sales taxes to the City/Parish in the amount of $106,437.21 on the purchases of these textile products pursuant to City/Parish Tax Ordinances Nos. 7713, 7714, 7715, 7716, 8046, 8047, 8048 and 8049 of the Metropolitan Council.
While the State of Louisiana, Department of Revenue and Taxation (“the Department of Revenue” or “the Department”) had initially assessed Red Stick with state sales taxes on the purchases of the textile products which are the subject matter of this litigation, the State canceled its assessment against Red Stick in the proceeding before the Board of Tax Appeals, entitled and numbered Kean’s, a Partnership, d/b/a Bed Stick Linen Services v. Shirley McNamara, Secretary of the Department of Revenue and Taxation, State of Louisiana, B.T.A. Docket No. 3250 (Bd. of Tax Appeals 1989).
PROCEDURAL HISTORY
The present suit was filed on July 14,1989, by Red Stick, seeking a refund of the $106,-437.21 paid in eity/parish sales taxes on Red Stick’s purchase of textile products for the period of January 1, 1985 to July 31, 1986.
The parties filed opposing motions for summary judgment. Red Stick maintained that the purchases of these textile products constituted sales for the purpose of resale, which were not subject to the payment of sales tax under the applicable municipal and parish tax ordinances. Red Stick further contended that Department of Revenue regulation Article 2-82, by which the City/Parish was bound, specifically provided that the purchases of textile products for the purpose of furnishing them to customers pursuant to service agreements are not subject to the payment of sales tax because they are sales for resale.[1] The City/Parish contended that this regulation had not been included in the regulations of the Department of Revenue since 1973 and, further, that they were not bound by the Department of Revenue regulations.
A hearing on the motions was held on July 12, 1991. Thereafter, the trial court rendered judgment in favor of the City/Parish, granting their motion for summary judgment and dismissing plaintiffs claim for a refund.[2]
On appeal, this court, in an unpublished opinion, reversed the trial court’s grant of summary judgment. Although this court concluded that the City/Parish was bound by the jurisprudence and regulations applicable to the interpretation of the state provision defining “sale at retail,” LSA-R.S. 47:301(10)(a), this court determined that Red Stick had nonetheless failed to prove its entitlement to Usummary judgment. We noted that although Red Stick claimed that Article 2-82 was a valid regulation of the Department of Revenue, it did not appear in the current regulations of the Department. Furthermore, the copy of the regulation attached to Red Stick’s petition was not a certified copy, and therefore we would not consider it. Thus, this court concluded that Red Stick had not produced adequate evidence with its motion for summary judgment to establish that Article 2-82 was in full force and effect during the relevant time period. Kean’s, A Partnership, d/b/a Bed Stick Linen Services v. Parish of East Baton Rouge, et al, 91 CA 1999, p. 4, 630 So.2d 6 (La.App. 1st Cir. 2/8/93) (unpublished opinion).
In the absence of any proven valid regulation, this court looked to the relevant jurisprudence to determine whether either Red Stick or the City/Parish had established entitlement to summary judgment. Concluding *1346 that under the relevant jurisprudence genuine issues of material fact existed, this court reversed the granting of summary judgment in favor of the City/Parish and remanded to the trial court for further proceedings. Kean’s, A Partnership, d/b/a Red Stick Linen Services v. Parish of East Baton Rouge, et al, 91 CA 1999, at pp. 5-6, 630 So.2d 6.
On remand, trial on the merits was held on December 9, 1994. At trial, oral testimony was taken and additional documentary evidence was introduced. By judgment dated January 26, 1995, the trial court, concluding that Article 2-82 was in full force and effect during the relevant times, rendered judgment in favor of Red Stick and against the City/Parish in the amount of $106,437.21, with interest as provided by LSA-R.S. 33:2718.
From this judgment, the City/Parish appeals, asserting that the trial court erred in: (1) considering Article 2-82 as binding on the City/Parish, and (2) ordering the City/Parish to refund taxes which had not been paid under protest.
FAILURE TO MAKE PAYMENT UNDER PROTEST
(Assignment of Error No. 2)
The City/Parish contends that Red Stick is not entitled to a refund, because the sales taxes at issue were not paid under protest. The City/Parish argues that pursuant to the relevant ordinances, a voluntary payment is only refundable if: (1) |sno question of fact or law is involved and the payment was made due to a mistake of fact or law on the part of the taxpayer; or (2) if the tax was paid under protest and suit filed within thirty days. According to the City/Parish, because this case involves questions of law and the tax was not paid under protest, Red Stick is not entitled to a refund.
The relevant sections of City/Parish ordinances providing a refund mechanism are contained in Sections 14(a) and 26 of City/Parish Tax Ordinances Nos. 7713, 7714, 7715, 7716, 8046, 8047, 8048 and 8049, which provide:
Section H. (a) A right of action is hereby created to afford a remedy at law for any dealer aggrieved by the provisions of this ordinance, and in case of any such dealer resisting the payment of any amount found due, or the enforcement of any provisions of such laws in relation thereto, such dealer shall pay the amount found due by the Director of Finance, and shall give the Director of Finance notice, at the time, of his intention to file suit for the recovery of the same, and upon receipt of such notice, the amount so paid shall be segregated and held by the Director of Finance for a period of thirty (30) days, and if suit be filed within such time for recovery of such amount, such funds so segregated shall be further held, pending the outcome of such suit. If the dealer prevails, the Director of Finance shall refund the amount to the claimant, with interest at the rate of two (2%) percent per annum, covering the period from the date said funds were received by the [City or Parish], to the date of refund.
Section 26. That where no question of fact or law is involved, and it appears from the records of the [City or Parish] that any monies have been erroneously or illegally collected from any dealer, or have been paid by any dealer under a mistake of fact or law, the Director of Finance may, at any time within three (3) years from December 31 of the year in which the tax became due or within one (1) year from the date the tax was paid, whichever is later, upon making a record in writing of his reasons therefor, certify that any dealer is entitled to such refund, and thereupon, the Director of Finance shall authorize the payment thereof from the current year revenues. No claim for refund shall be allowed after a lapse of said three (3) year or one (1) year period.
It is undisputed that the taxes at issue were not paid under protest. Thus, the only refund provision available to Red Stick is pursuant to Section 26 of the relevant ordi *1347 nances. The City/Parish contends that pursuant to Section 26 Red Stick can not assert a claim for a refund because this case presents questions of fact and law, namely, whether the transactions at issue were sales for resale and whether the City/Parish was bound by State Department of Revenue regulation Article 2-82.
Because we conclude that a question of law exists regarding the validity ofjgArticle 2-82, and thus its binding effect upon the City/Parish, we find that Red Stick does not have an action for refund of the sales taxes admittedly paid without protest. See Tigator, Inc. v. Police Jury of West Baton Rouge Parish, 94-1771, 94-1772 p. 6 (La.App. 1st Cir. 5/5/95); 657 So.2d 221, 226, writs denied, 95-2172, 95-2126 (La. 11/17/95); 663 So.2d 712. As more fully discussed below, with respect to whether Article 2-82 is a valid state tax regulation and is effective against the City/Parish, there is an issue of law.
As this court articulated in our reversal of the trial court’s grant of summary judgment herein, when a municipality or parish chooses to adopt a tax ordinance which copies the language of a state tax statute, the interpretations given to the state statute are deemed to be incorporated in the municipal or parish ordinance. Kean’s, A Partnership, d/b/a Red Stick Linen Services v. Parish of East Baton Rouge, et al, 91 CA 1999, p. 4, 630 So.2d 6 (La.App. 1st Cir. 2/8/93) (unpublished opinion); see also Sales Tax District No. 1 of Parish of Lafourche v. Express Boat Company, Inc., 500 So.2d 364, 367 (La.1987); Standard Oil Co. of New Jersey v. Collector of Revenue, 210 La. 428, 27 So.2d 268, 271 (1946). Because the definition of “sale at retail” utilized in each of the municipal ordinances in question copies the language of LSA-R.S. 47:301(10)(a), the jurisprudence and State regulations applicable to the interpretation of this definition are also binding interpretations deemed incorporated in the City/Parish tax ordinances.
City/Parish Tax Ordinances Nos. 7713, 7714, 7715, 7716, 8046, 8047, 8048, and 8049 levy City/Parish taxes upon sales at retail. “Sale at retail” is defined in the relevant City/Parish ordinances and state tax law as a sale “other than for resale.” Article 2-82 of the Louisiana General Sales Tax Regulations, as amended effective March 1,1964, addresses sales for resale in relation to laundry and dry cleaning services as follows:
Article 2-82. Laundry and Dry Cleaning Services — Laundry and dry cleaning establishments, so called “Self-Service Laundries,” “Wash-O-Mats,” “Launderettes,” and other similar establishments, and so called “Linen Supply Companies,” “Uniform and Towel Supply Companies,” “Linen Service Companies,” and similar establishments render services and the gross proceeds derived from such services are subject to the Sales Tax. Such establishments are consumers of all materials and ^supplies used in rendering this service and, as such, pay the tax to the seller on such materials and supplies purchased by them. However, sales to such establishments of materials such as wrapping paper, twine, and hangers which will be delivered to their customers along with the articles laundered, cleaned, or pressed and sales of garments, covers, wipers, towels, and linens to such establishments for furnishing to their customers under their service contracts whereby all laundering of such articles is to be done by the establishments furnishing such linens shall also be considered sales for resale and as such may be affected under an exception certificate. (Emphasis added).
The clear language of Article 2-82 exempts sales of linens and other textile products to laundry and dry cleaning services for furnishing to their customers under service contracts from sales tax by deeming these “sales for resale.” However, at trial and on appeal the City/Parish contends that this Department of Revenue regulation is no longer in effect, and, accordingly, the trial court erred in finding that Article 2-82 was binding upon the City/Parish.
The City/Parish contends that this regulation has not appeared in the State Depart- *1348 merit of Revenue Rules and Regulations, which have been published since 1973. The City/Parish further argues that Article 2-82 is invalid because it was never adopted in accordance with the Administrative Procedure Act (“APA”), LSA-R.S. 49:950 et seq.
In 1966, the APA was enacted to establish certain procedures for state agencies for adoption of rules, adjudication of matters and judicial review of administrative rulings. See LSA-R.S. 49:950 et seq. The APA was adopted by Acts 1966, No. 382 § 1, effective July 7, 1967. Specifically, LSA-R.S. 49:952, 953, and 954, set forth the procedures requiring and governing the adoption of rules by each agency for that agency.
However, the APA, as adopted by Acts 1966, No. 382, § 1, did not apply to the Department of Revenue at the time of enactment. LSA-R.S. 49:951(2) specifically excluded the Department of Revenue from the definition of “agency.” Thus, at the time of enactment of the APA, the Department of Revenue was not bound by the act’s procedures for adoption of agency rules.
Robert Roland, an employee of the Department of Revenue from 1949 to 1960 and former Collector of Revenue from 1958 to 1960, testified at trial | sregarding procedures for adoption of rules followed by the Department prior to compliance by the Department with the APA. His testimony establishes that at the time Article 2-82 was promulgated in 1964, the Department of Revenue followed the procedure for promulgating rules and regulations contained in LSA-R.S. 47:1511, the statute granting the Department of Revenue the power to make rules and regulations. Specifically, the last sentence of LSA-R.S. 47:1511, as amended by Acts 1958, No. 168, § 1, provided as follows:
Any such regulations may be promulgated by making a copy thereof available for inspection at the office of the collector at his official domicile in Baton Rouge, Louisiana, and by publishing a notice to that effect in the official state journal at least three times during a period of ten days.
Subsequent to the 1964 promulgation of Article 2-82 pursuant to LSA-R.S. 47:1511, the Department published a document in 1973 entitled Sales Tax Law and Regular tions, which consisted of a publication of the Department’s sales tax regulations. This document was again published in 1979 and supplemented in 1986. Article 2-82 is not contained in the 1973, 1979 or 1986 publications. Neither the 1973 document nor the 1979 document state that regulations formerly promulgated by the Department but not included therein were rescinded by the publication of these documents. However, they do include a recitation that the information contained therein is current through the 1973 and 1978 Fiscal Sessions of the Louisiana Legislature, respectively. Thus, it is unclear what effect, if any, these publications had on the validity of Article 2-82.
Moreover, by Acts 1974, No. 284, § 1, effective January 1, 1975, the definition of “agency” was rewritten and no longer specifically excluded the Department of Revenue from its definition. As amended in 1974, “agency” was defined to mean “each state board, commission, department, or officer authorized by law to make rules or to formulate and issue decisions and orders except the legislature or any branch committee, or officer thereof and the courts.” LSA-R.S. 49:951(2) (as amended by Acts 1974, No. 284 § 1). The Act amending the definition of “agency” further provided that Chapter 13 of Title 49 (the APA) was not applicable to the Department of Revenue, except that the provisions of LSA-H9R.S. 49:951(2), (4), (5), (6) and (7), 952, 953, 954 and 954.1 shall be applicable to the Department of Revenue. Acts 1974, No. 284, § 2; see LSA-R.S. 49:967(A). Thus, the Department of Revenue became bound by LSA-R.S. 49:952-954.1, pursuant to the 1974 amendment of the definition of agency, effective January 1, 1975.
On January 1, 1975, LSA-R.S. 49:953(A) provided the procedure for adoption (as well as amendment or repeal) of agency rules, and required that prior to the agency’s intended action, notice of the intended action be published both in the official Louisiana journal and in the Louisiana Register. LSA-R.S. *1349 49:953(A) (as amended by Acts 1974, No. 284 § 1, effective January 1,1975).
LSA-R.S. 49:954.1(A) further provided, in part, as follows:
The Division of Administration shall compile, index, and publish a publication to be known as the Louisiana Administrative Code, containing all effective rules adopted by each agency subject to the provisions of this chapter, and all boards, commissions, agencies and departments of the executive branch, notwithstanding any other provision of law to the contrary.[3]
LSA-R.S. 49:954.1(A) (as enacted by Acts 1974, No. 284, § 1, effective January 1,1975).
Moreover, LSA-R.S. 49:954(A) as amended in 1978, provided that “[n]o rule, whether adopted before, on, or after January 1, 1975, shall be effective, nor may it be enforced, unless it has been properly filed with the Department of the State Register.” LSA-R.S. 49:954(A) (as amended by Acts 1978, No. 252, § 1).
Thus, to remain effective, pursuant to LSA-R.S. 49:954(A), Article 2-82 had to be properly filed with the Department of the State Register. There is no evidence that Article 2-82 was ever filed with the Department of the State Register. Moreover, there is nothing in the record to indicate that a notice of intent to adopt or repromulgate Article 2-82, as required by LSA-R.S. 49:953(A), was ever published in the Louisiana Register. Consequently, from January 1,1975, when the Department became bound by LSA-R.S. 49:952-954.1, through the tax periods in question, Article 2-82 arguably was not promulgated in | ^accordance with the APA. See LSA-R.S. 49:952, 953, 954, and 954.1.
Thus, on the record before us, there is a genuine issue of law as to the validity of Article 2-82 and the exemption contained therein. Article 2-82 was not contained in the 1973 and 1979 Sales Tax Law and Regulations published by the Department; nor was it promulgated in accordance with the APA following the applicability of the pertinent provisions of the APA to the Department. Thus, the continued validity and legal effectiveness of Article 2-82 presents a question of law. This issue of law regarding the validity of State Department of Revenue regulation Article 2-82 and its effect, if any, upon the taxing authority of the City/Parish precludes recovery entitlement by Red Stick of a refund of the sales taxes paid without protest. Tigator, Inc., 94-1771, 94-1772 at p. 6; 657 So.2d at 226. Accordingly, the trial court erred in applying Article 2-82 to grant Red Stick’s request for a refund and in rendering judgment in its favor.
CONCLUSION
For the foregoing reasons, the January 26, 1995 judgment of the trial court in favor of Kean’s, A Partnership, d/b/a Red Stick Linen Services and against the City of Baton Rouge, Parish of East Baton Rouge, and Lynn Schofield, in his capacity as finance director, is hereby reversed at appellee’s costs.
REVERSED.

. Red Stick also relied upon a district court decision, Aratex Services, Inc. v. Shirley McNamara, 56-433 (34th J.D.C. Sept. 27, 1988), which concluded that Article 2-82 was still a viable regulation of the Department. However, in our earlier unpublished opinion in this matter, we noted that district court decisions are not authoritative and have no precedential value to this court. Kean’s, A Partnership, ■d/b/a Red Stick Linen Services v. Parish of East Baton Rouge, et al, 91 CA 1999, p. 4, 630 So.2d 6 (La.App. 1st Cir. 2/8/93) (unpublished opinion).

. This judgment was rendered by Judge Frank Saia. Subsequently, trial on the merits was held before Judge A. Foster Sanders, III, who rendered the judgment at issue in this appeal.

. In 1978, the section was amended by Acts 1978, No. 252 § 1 to replace the phrase "Division of Administration” with "Department of the State Register."